## SUPREME COURT—IN BANCO.

### J. HENNESSY *vs.* B. F. BOLLES—IN ERROR.

PROPER mode of proceedure set forth to entitle a party to the writ of error under the statute.

Upon an assignment of errors, the errors must appear upon the record and not upon the copies of the papers served upon the party.

Upon default being made, an exception to the verification of a petition comes too late when raised on a writ of error, but should be raised at the commencement of the trial and ought not to prevail, if raised after judgment, in any case, certainly not after judgment by default.

A plaintiff in error can not assign for error matter which he might have pleaded in abatement.

A party can not assign for error matter contrary to the record.

Plaintiff's petition and declaration must show a sufficient legal right of action in him to support a judgment in his favor, if not, any judgment that he may obtain is erroneous and without foundation in law.

Judge ROBERTSON delivered the decision of the Court as follows :

The defendant in error, plaintiff in the Court below, brought suit in the Circuit Court for the Island of Maui, to recover the sum of $350 50, and interest, upon five several prommissory

notes, the first of which is the individual note of the defendant below, payable to George M. Bates, or order, and is indorsed by E. P. Bond, as his attorney in fact ; another is a joint note, made by Albert A. Coe and J. Hennessy, payable to the order of Messrs. Bolles & Co.; and the other three are the individual notes of the defendant below, in favor of Messrs. Bolles & Co. Neither of the four last mentioned notes are indorsed by the original payee therein named.

. At the last May term of the Circuit Court, defendant having filed no answer, although personally served with process, the plaintiff below had judgment by default for $401 19, principal and interest, and $23 25 costs.

On the 16th of October last the defendant below obtained a writ of error, upon application to the Chief Justice, at Chambers, which writ having been returned with the record from the Circuit Court, joinder in error was ordered pursuant to the statute.

This is the first instance of a writ of error having issued from this Court ; and it may be well, therefore, to note certain irregularities that have taken place in this proceeding, with a view to prevent their recurrence in future practice.

The plaintiff's petition should have set forth two things in order to entitle him to the writ under the statute, viz : That six months had not elapsed since the rendition of judgment in the Circuit Court ; and that execution on that judgment had not been issued and returned satisfied. [Civil Code, section 1,157.] The first of these conditions is shown by the petition, but the last is not averred, nor does it appear in any way. This objection was not raised by the defendant's counsel, and we advert to it merely for the purpose of regulating the practice in similar cases hereafter.

Again, the defendant's plea, or answer, to the assignment of errors, ought to have been filed in writing, in the same manner as a plea in an original action, before the cause came up for argument.

The declaration in error, upon which the argument has been had, is the same that was presented upon the application to the Chief Justice for the writ of error ; and the counsel for the defendant takes exception to it as not being in proper form,

being an assignment of errors appearing on the copies of the papers served upon the defendant below, and not of errors appearing on the record of the case in the Circuit Court. There is weight in this objection, and had it been raised at the time of the application for the writ of error, upon a motion to dismiss the application, it would probably have prevailed. But the objection now comes too late. Joinder in error has taken place upon the declaration as it stands, and the case must be determined on its merits, the errors assigned being regarded as assigned upon the record.

The errors assigned are, in substance, as follows :

1. The petition of the plaintiff below is not verified in conformity with the statute of 1848.

2. One of the notes upon which the suit was brought is the joint note of Albert A. Coe and J. Hennessy, and therefore a several action and several judgment against Hennessy alone is erroneous.

3. None of the notes were made payable to B. F. Bolles, but to other parties. No assignment of either of them to B. F. Bolles is averred in his petition, nor are any of them indorsed by the payees named therein.

The verification of the plaintiff's petition in this case, as it appears upon the copy of the record sent up, is almost precisely similar to the verification in the case of Kanuku vs. Pukaikea, in this Court, referred to in the argument, and is, in our opinion, clearly insufficient under the statute, as was held in that case.

It is a form of verification, however, which has often been used in the Circuit Court of Maui, and the validity of which has probably never been questioned in that Court. Had the defendant below appeared to contest the action, and objected to the verification, the plaintiff must have gone out of Court, unless he was ready to amend the verification, and obtained leave so to do. But the defendant below made default, and, in our opinion, his exception to the sufficiency of the verification comes too late, when raised on a writ of error. A proper verification is necessary to the completeness of a petition, in point of form, but so far as it is necessary for a plaintiff to set forth in his petition a sufficient cause of action, and a right of action in

himself, these do not in any way depend upon the verification, for if the petition is defective in regard to those points, it can not be aided by the verification. We think, therefore, that any objection to the verification is but an objection for informality —not affecting the merits of the plaintiff's claim—and should, in order to be available, be raised at the outset, and ought not to prevail, if raised after judgment, in any case, certainly not after judgment by default.

It is argued, further, on behalf of the plaintiff in error, that the judgment against him alone, on the joint note of Coe and himself, is erroneous and must be set aside. Although the institution of a suit against Hennessy alone, upon the joint note of Hennessy and Coe, was undoubtedly irregular, yet, we are of the opinion that it is such an irregularity as ought to have been taken advantage of, by plea in abatement, or, perhaps, demurrer under our mode of pleading ; and, if not so taken advantage of, must be held to be waived. This is an objection which goes rather to the mode of proceeding, than to the merits of the action. For if the plaintiff below had sued both Hennessy and Coe, and made personal service on Hennessy alone, he might, if he showed a right of action in himself, have had judgment against both, and on execution he could have levied on the sole property of Hennessy to satisfy his judgment. [Statue laws, vol. 2, p. 40, sec. 3 ; p. 59, sec. 24.] So that in contemplation of law the defendant below is not injured by this irregularity, for if he is compelled to pay the whole amount, he may have his action against the other joint maker of the note, for so much money paid to his use as his share of the note amounts to. A plaintiff in error cannot assign for error matter which he might have pleaded in abatement, although judgment may have gone against him by default. (Crompton's Practice, vol. 2, page 339.) In our opinion, if a party stands off and does not choose to avail himself of this objection before judgment, he must be held to have waived it.

In the case of Rees vs. Abbott (Cowper's Rep., page 832), which was an action against one of the makers of a promissory note, declared by the Court to be a joint and several note, judgment went against the defendant by default, and upon writ

of error in the Court of King's Bench, the Court refused to reverse the judgment; Buller, Justice, remarking that, " If the note had been a joint note only, not a joint and separate note, the defendant could only have pleaded in abatement. It would not have been error."

The case of Evans *vs.* Lewis, cited in 1 Barn. and Alderson's Rep., page 226, " was an action against defendant as drawer of a bill of exchange. It appeared in evidence at the trial, that the bill was drawn by the defendant and another jointly. It was objected that there was a variance between the bill proved and the bill declared upon ; and the judge inclining to that opinion, permitted the cause to proceed, with liberty to the defendant to move for a new trial. The Court were afterward of opinion that there was no variance between the bill of exchange proved and that which was declared upon, but that defendant should have pleaded in abatement."

In the case of Rice *vs.* Shute, 5 Burrow's Rep., page 2,611, which was an action for a partnership debt against one partner only, the plaintiff was non-suited. But, upon motion in the Court of King's Bench to set aside the nonsuit, the Court held that defendant ought to have pleaded the objection in abatement, and that his not having done so was a waiver of the objection, and the nonsuit was set aside. The reasoning of Lord Mansfield in that case, seems to us fairly applicable to the case now before us. His reasoning was to the effect that on a partnership debt each partner was liable to pay the whole ; that the defendant was not injured by another partner's not being made defendant, because what he pays he must have credit for in his account with the partnership ; that if the defendant does not take advantage of the non-joinder at the beginning of the suit, and plead it in abatement, it is a waiver of the objection ; that he ought not to be permitted to lie by, and put the plaintiff to the delay and expense of a trial, and then set up a plea not founded in the *merits of the cause,* but on the *form of proceeding ;* and that no injustice was done to the defendant by allowing the plaintiff to recover.

In the case of Scott *vs.* Godwin, 1 Bosanquet and Fuller, Chief Justice Eyre, in delivering judgment, said, " In the great bulk of cases where it has been holden, that if there are not

proper parties to a record, advantage must be taken of it by plea in abatement, the objection has been, that other persons ought to be made co-defendants with the defendant on record; and there is an essential difference between these cases and cases where the objection is, that there are not the proper parties *plaintiffs* in the suit. Many plaintiffs can have but one right, having but one interest and one cause of action, which ought to be, and is, indivisible, admitting of but one satisfaction.          *          *          *          *          *          *

"Whereas in the case of defendants, in respect of the satisfaction they are to make to the plaintiff, it is exactly the same thing whether they are sued singly, or with others, for every individual co-defendant is ultimately liable to the whole demand, and execution may be had against any one. There is therefore more of form than of substance in the objection that others should be made co-defendants."

As we have already stated, although this suit, so far as the joint note is concerned, ought to have been brought against both the makers of the note, so that judgment, if recovered, might have been recorded against both, yet service upon Hennessy alone would have been sufficient for appearance, and upon a joint judgment rendered against Hennessy and Coe, the sole property of Hennessy might have been attached to satisfy that judgment. (See 3 East., 68, 9; 6 Term Rep., 770; 6 Sergeant and Rawle, 18.)

The last, and, to our minds, by far the weightiest point, suggested as error, is that none of the notes are payable to B. F. Bolles, the plaintiff below, and that none of them are indorsed by the payees named therein, nor is any assignment of them to him averred in his petition. So far as regards the note drawn in favor of George M. Bates, this objection is not well taken, for, upon reference to the record as sent up, it appears that that note does bear the endorsement of George M. Bates, by his attorney in fact, E. P. Bond. Upon the copies served with the summons by the Sheriff, upon the defendant below, this endorsement was omitted, through negligence or mistake. But as we are not correcting errors in the copies of papers served upon defendant, but in the record of the Circuit Court, we can look only to that record, and, unless the error exists there, it does

not exist at all, for the purposes of this proceeding. A party cannot assign for error matter contrary to the record. (Crompton's Practice, vol. 2, p. 339.) The default of the defendant below is equivalent to an admission on his part of the genuineness of his own signature to the note, and likewise of the validity of the indorsement which appears thereon; and, in our opinion, the judgment upon that note is perfectly regular. (Statute Laws, vol. 2, p. 40, sec. 4.) But, as regards the other four promissory notes, all of which are payable to the order of "Messrs. Bolles & Co.," and none of which are indorsed, it seems to us the suggestion of error is sound. Touching those notes, we regard the default of the defendant below, as being equivalent simply to an admission that he made the notes, and not an admission that they are payable to "B. F. Bolles," or that he has any right of action upon them, for this does not appear in any way, upon reference to the plaintiff's petition and declaration. The plaintiff sues upon unindorsed notes, of which he is not the payee; he does not set forth any assignment of the notes to himself; nor does he aver in his petition that the name "Messrs. Bolles & Co." means in fact "B. F. Bolles" alone, a fact which cannot be presumed.

When a party defendant is duly and personally served with a copy of the petition, and the process of the Court, and voluntarily stands off, suffering judgment to go against him by default, he undoubtedly runs a very great risk; but we take it to be a sound principle of practice, that the plaintiff's petition and declaration, admitting the truth of what is therein averred and set forth, must show a sufficient legal right of action in him to support a judgment in his favor. If not, any judgment that he does obtain is, it seems to us, erroneous and without foundation in law.

We are therefore of the opinion that the judgment below should be reversed as to the four unindorsed notes, and that it should be affirmed as to the other.

Let judgment be entered accordingly; the costs of this proceeding to be equally divided between the parties.

Messrs. Blair and Harris for plaintiff in error.

Mr. Bates for defendant in error.