<div style="margin-right:auto; text-align:right">SUCCESSION<br>of<br>TWIBILL.</div>

─────────────────────

## REESE & ELLIS *v.* B. COUYERS & CO.

The failure to make a garnishee a party to an appeal taken from a judgment rendered in favor of third persons claiming by intervention the funds in the hands of the garnishee, is a sufficient ground upon which to dismiss the appeal.
Where a married woman, who has been assisted and authorized by her husband in bringing a suit, is cited alone in appeal, her husband not being mentioned in the citation of appeal, it is insufficient.

APPEAL from the Fifth District Court of New Orleans, *Eggleston*, J. *Benjamin, Bradford & Finney* for plaintiffs. *J. M. Davidson*, for defendants and appellants.

On a motion to dismiss :

BUCHANAN, J. The judgment appealed from was rendered upon third oppositions to a seizure, by process of garnishment, under a writ of *fieri facias*.

The defendants in the suit, Couyers & Co., recovered judgment against Reese & Ellis, in reconvention. They cited as garnishees J. C. & B. S. Ricks & Co., to whom they propounded interrogatories.

The garnishees answered by acknowledging to have in their hands a draft and an amount of cash, deposited with them by one of the defendants in execution ; but which they were informed belonged to other persons, to wit: the draft, to Mary C. B. Ellis, wife of S. Percy Ellis, as her separate property ; and the cash to the said Mrs. Ellis, and to her brother and sister. T. L. Ellis, and Juez R. Ellis.

The persons named in garnishees' answers, intervened as third opponents.

Couyers & Co. took a rule upon garnishees and defendants in execution, to show cause why the draft and money should not be delivered to them, in satisfaction of their execution.

The oppositions were set for trial and cumulated with this rule.

On hearing in presence of all parties, the court decreed "that the bill of exchange or the proceeds thereof in the hands of the garnishees, be paid over by said garnishees to Mary C. B. Ellis, (one of the opponents); and that the cash in the hands of the garnishees be paid over by them, one-fourth to Mary C. B. Ellis; one-fourth to Juez R. Ellis; and the remaining one-half to T. L. Ellis; that the said funds are not liable to seizure as the property of S. Percy Ellis; and that the garnishment served on Ricks & Co. be dismissed as well as the rule."

Couyers & Co. appealed by petition, praying that plaintiffs and intervenors be cited.

A bond of appeal was given in favor of Reese & Ellis, Mary C. B. Ellis, and Juez R. Ellis; citations of appeal were directed to Reese & Ellis, T. L. Ellis, Juez R. Ellis, and Mary C. B. Ellis, and were served.

The motion to dismiss the appeal is based upon the grounds:

1st. That the garnishees, although a necessary party to the appeal, have not been made a party thereto, and that there is no bond in their favor.

2d. That S. Percy Ellis, husband of the intervenor Mary C. B. Ellis, is not made a party to the appeal for the purpose of aiding his wife.

3d. That T. L. Ellis, one of the intervenors, cited as appellee, is not a party to the appeal, no bond having been given in his favor.

I. The garnishees were necessary parties to this appeal. *Copley* v. *Snow*, 3 An. 623.

II. The intervenor and appellee Mary C. B. Ellis, is a married woman, who was assisted and authorized by her husband in filing her intervention in the cause. She was cited alone in appeal, her husband not being mentioned in the citation of appeal. This was insufficient. *Lanoue* v. *Reed*, 7 L. R. 112.

III. This ground ought, perhaps, to have been urged by T. L. Ellis, himself, inasmuch as he has been cited. The two former grounds, however, are sufficient to sustain the motion.

Rule absolute, and appeal dismissed.