JOHN F. BOWLER, Plaintiff in Error, *vs.* H. E. McINTYRE, Executor of the Will of JOHN S. WALKER, deceased, Defendant in Error.

HEARING, SEPTEMBER 27, 1893.     DECISION, OCTOBER 17, 1893.

JUDD, C.J., BICKERTON AND FREAR, JJ.

The Court cannot notice facts showing non-joinder of a necessary party defendant in error, where the facts appear in no other way than by defendant's statement unsupported by affidavit.

The petition for a writ of error should contain an allegation that the judgment is not fully satisfied, but the defendant cannot take advantage of the omission of such allegation after joinder, although the Court may of its own motion dismiss the writ, if it appears by the record that the judgment has been fully satisfied.

A writ issued August 25, 1893, judgment having been rendered February 25, 1893, is issued "within six months from the rendition of judgment," as required by the statute.

All the defendants below should be named in the writ, and all should join in error, unless sufficient cause be shown for the non-joinder.

Questions which do not relate to the error assigned, should be raised by demurrer, special plea, or motion to quash or dismiss.

Judgment upon a joint note is properly rendered against the "defendants" simply. Such judgment is a joint judgment, but a joint and several obligation.

OPINION OF THE COURT, BY FREAR, J.

Error to the Circuit Court of the First Circuit.

John S. Walker, now deceased, recovered judgment against the plaintiff in error and eight others, in assumpsit upon a note. The words of the note are, "We jointly promise," etc. The judgment is "that the plaintiff do recover against the defendants," etc. It is assigned as error, "that said judgment was erroneously made and entered as a joint and several judgment [against] the defendants and not as a joint judgment only." The defendant in error pleaded *in nullo est erratum.*

Counsel for defendant in error contends that the writ should be dismissed for the reasons, that the executrix is not made a co-defendant with the executor; that there is no allegation in the petition that the judgment is not satisfied; and that the writ was not issued within six months from the rendition of judgment.

The fact that there is an executrix as well as an executor of the will of the plaintiff below, now deceased, was not brought to the knowledge of the Court in any way which would justify us in noticing the fact, if fact it be. There is nothing but the defendant's statement of the fact unsupported by affidavit.

It should be alleged in the petition that the judgment was not fully satisfied, this being a statutory prerequisite for the issuance of the writ, but, whatever may be the effect of an omission to so allege, it is too late for the defendant to take advantage of it after issue joined upon the merits, although the Court might of its own motion dismiss the writ if it appeared by the record that the judgment had been satisfied. This does not appear in this case.

The judgment was entered February 25th, 1893. The writ was issued August 25th, 1893. The statute allows the writ to be issued "within six months from the rendition of judgment." We think that this writ was issued within the time prescribed by the statute. In

*Smith vs. Gale*, 137 U. S. 577, judgment was entered May 25th, 1886, and an appeal was allowed May 25th, 1888. The Court held that the appeal was taken "within two years" after the entry of judgment as prescribed by law. To the same effect is *Credit Co. vs. Ark. Cen. Railway*, 128 U. S. 258. In *Dutcher vs. Wright*, 94 U. S. 553, an insolvent made an assignment of his property December 8th, 1869, and was adjudged a bankrupt on his own petition, April 8th, 1870. The Court held that he made the assignment "within four months" before the filing of the petition in bankruptcy. The general rule is that in computing the time within which an act is to be done, the first day should be excluded and the last included. See *In re Election Law*, 8 Haw., 602.

There is one point which should be touched upon though not called to our attention by counsel. In both the petition and the writ the plaintiff in error and defendant below, is described as "John F. Bowler and others." This makes John F. Bowler sole plaintiff in error (the words "and others" being surplusage), but the record shows that there were eight other defendants below. All of the defendants below should be named in the writ, and all should join in error unless sufficient cause be shown for the non-joinder. *Simpson vs. Greeley*, 20 Wall., 152; *Miller vs. McKenzie*, 10 Wall., 582.

It may be added that objections like the foregoing which do not go to the question of the error assigned should be raised by demurrer, special plea or motion to quash or dismiss, although the Court may, of its own motion, dispose of the writ, even after joinder in error, for defects apparent upon the record.

The question of parties not having been argued by counsel, we will dispose of this case upon its merits.

At common law, in an action against several defendants jointly, the general rule was that judgment could be entered only for or against all; and since judgment could not be entered against parties not served with process, it could not be entered at all in a joint action unless all the defendants were served. But by

statutes known as "Joint-debtor Acts" in most of the United States, judgment may be entered against all the defendants jointly, though some were not served, to be enforceable, however, only against the joint property of all, and the separate property of those served. See Black, Judgments, Sections 233–235; Freeman, Judgments, Sections 43–44. By Section 1105 of our Civil Code, "It shall be necessary to join as defendants in a civil case, all the * * * joint makers of promissory notes * * but it shall in no case be necessary to serve all of the joint parties sued with process. Service of process upon one of several defendants at law, shall be legal service upon all for the purposes of appearance in Court, and judgment may be entered against all such co-defendants thereon; provided, however, that no execution shall issue against the sole property of any joint defendant on whom process was not duly served as aforesaid." In this case, eight of the nine defendants below were served with process, and judgment was entered against all. Execution has not yet issued. We are of the opinion that the judgment was properly entered in accordance with the provisions of the statute. It is admitted that the judgment is joint, but it is assigned as error, that it is several as well as joint, and that it should be joint only. By this, it may be inferred, that counsel would have the word "jointly" inserted in the judgment after the word "defendants," so that the judgment would read, "that the plaintiff do recover of the defendants jointly," etc. We find no ground for this in the statute, which provides simply that "judgment may be entered against all such co-defendants;" and, aside from the statute, a judgment, though rendered upon a joint cause of action, is itself a joint and several obligation. An action can be maintained upon it against each of the judgment debtors separately. Black, Judgments, Section 210. And execution may issue against the separate property of each; otherwise, if there were no joint property as would generally be the case unless the defendants were partners, the judgment could not be satisfied, and the original claim sued upon

as well as the judgment would be practically worthless. The distinction between joint and several judgments does not lie in the nature of the obligation, that is, whether it is a joint or several obligation, nor does it depend upon what property may be taken in execution, that is, whether joint or separate property; but a joint judgment against co-defendants is merely a judgment against all, all being jointly and severally liable, if served with process, to the full extent of the judgment, and a several judgment is merely a separate judgment against one or more, but not all of the co-defendants,—as where judgment is entered against one or more by default, and against the others after trial, or where judgment for different amounts is entered against the defendants separately. A several judgment cannot, of course, in the absence of statutory authority, be rendered, except upon a several or a joint and several obligation. In the present case, the judgment, being upon a joint obligation, was properly rendered against all the defendants, that is, it is a joint judgment, though it is a joint and several obligation.

Judgment affirmed.

*C. Creighton*, for plaintiff in error.

*C. Brown*, for defendant in error.