TEFFT et al. v. STERN.

(Circuit Court of Appeals, Sixth Circuit.   May 18, 1896.)

No. 348.

1. PETITION FOR WRIT OF ERROR—ASSIGNMENTS OF ERROR.
    The petition for a writ of error, under rule 11 of the circuit court of appeals for the Seventh circuit, is intended merely to ask for a writ of error in general terms, and need not specifically mention each order or judgment complained of; but it is enough if such orders and judgments are excepted to, and assigned for error in the assignments of error.

2. SAME—WAIVER OF OBJECTIONS.
    After defendant in error has argued, both orally and in his brief, errors assigned in respect to an order amending the judgment originally entered, it is then too late to set up an alleged defect in the petition for a writ of error, in that it did not specifically mention such amending order or judgment.

3. FEDERAL APPELLATE COURTS—FOLLOWING STATE DECISIONS.
    A judgment in a federal court, in favor of a garnishee, was amended, on his application and in supposed compliance with the state statute, so as to award him his personal expenses and attorney's fees. Afterwards the state supreme court, in a case pending before it, decided that the statute did not apply in such cases. *Held*, that this decision was binding on the federal appellate court, and required a reversal of the amending order, notwithstanding that the amendment was applied for in good faith by the garnishee.  73 Fed. 591, reaffirmed.

4. SAME—COSTS ON APPEAL—APPORTIONMENT.
    The appellate courts cannot undertake to apportion the costs therein, between the parties, in all cases in which the judgment is affirmed in part and reversed in part.

On Motion to Modify Opinion and Order.

George P. Wanty, for plaintiffs in error.
Dallas Boudeman, for defendant in error.

BARR, District Judge.   The defendant in error, Henry Stern, has moved the court to modify the opinion and order rendered and made on the 14th of April, 1896 (73 Fed. 591), (1) so that said opinion and order shall affirm the judgment of the circuit court in toto, and without modification, for the reason that no appeal was taken by the plaintiff from the judgment of said circuit court, so far as relates to the question of costs and expenses, as allowed by the amended judgment of June 18, 1895, and entered June 20, 1895;  (2) if the court should not grant the above, then to modify said opinion and order so as to adjudge no costs of this court against the defendant, for the reason that said application was made in good faith by the defendant for the allowance of his costs and expenses in the court below; and, (3) should the court determine not to grant either of the foregoing motions, then that the court modify its opinion, order, and judgment entered herein so as to adjudge against the defendant only such a proportion of the taxable costs herein as would legitimately arise in presenting to this court the question relating to the amended judgment, by having had embraced in the same the costs and expenses of defendant defending said cause.

We find from the record that in filing the petition for the writ of

error, as required by rule 11 of this court (11 C. C. A. cii., 47 Fed. vi.), plaintiffs in error alleged that they were aggrieved by the judgment rendered on the 22d of March, 1895, and omitted to specially mention the amendment of said judgment of March 22d entered on the 20th of June, 1895; but they on July 16, 1895, took an exception to said amended judgment of June 20, 1895, and had the trial court sign a bill of exceptions therefor, and in the assignment of errors Nos. 27 and 28 they specifically alleged this amended judgment as one of the errors complained of. The writ of error is in general terms, and carried up the entire record. We think it unnecessary, under the rule, that the plaintiff in error, in his petition, should allege specially the particular judgment or the orders that he complains of, and for which he asks a writ of error or appeal. It is necessary that exception should be taken to errors in the record, and that an assignment should be specially made for any and all alleged errors; but the mere omission to name in the petition for writ of error a special order or judgment we think is not material, if such order or judgment be excepted to, and assigned as error in the assignment of errors. In this case this amended judgment was argued by counsel, both orally and in their brief, and considered by the court, and there was no suggestion made of the alleged defect in the petition for the writ of error; and it is now too late to complain of the failure to specifically ask for the reversal of this amended order. See Michigan Cent. R. Co. v. Consolidated Car-Heating Co., 16 C. C. A. 106, 69 Fed. 1. The rule is, "The plaintiff in error or appellant shall file with the clerk of the court below with his petition for the writ of error or appeal an assignment of errors which shall set forth separately and particularly each error asserted and intended to be urged." The petition is intended simply to ask for a writ of error in general terms. The assignment of errors is intended to particularly assign the errors which are asserted and intended to be urged.

The second and third grounds for a modification of the judgment would be, we think, applicable to any and all other cases at law brought to this court by writ of error. It must be assumed by this court that all judgments obtained in the lower court are applied for in good faith. In this particular case it was an open question, under the Michigan statute, whether these extra costs and expenses should be allowed. The trial court allowed them, and this court reversed that order, holding that a subsequent opinion of the supreme court of Michigan, which held that they were not allowable under the statute, was binding upon this court. But we see no reason why this fact should make any difference in the adjudication of costs in this court.

The third motion, asking for an apportionment of the costs, is impracticable, and would throw upon the court the burden of separating and apportioning the costs, as between the plaintiffs in error and the defendant, in all cases where a part of the judgment of the lower court was adjudicated to be correct, and other parts erroneous, and a reversal had thereon. Defendant in error's motion will be therefore overruled.

The defendant in error, Henry Stern, having on the 27th of April, 1896, in pursuance of the direction of the opinion herein, filed in the circuit court of the Western district of Michigan, Southern division, a remittitur of so much of the judgment entered in his favor as relates to special costs and expenses entered on the 20th of June, 1895, and thus leaving the judgment as it was originally entered on the 22d of March, 1895, and having filed a transcript of said remittitur in this court on the 22d of April, 1896, it is now ordered that said judgment of the 22d of March, 1895, be, and the same is, affirmed, and that the plaintiff in error recover of the defendant in error his costs in this cause.