THOMAS FITCH, plaintiff in error, *v.* EDWARD M. WATSON, next friend of Rebecca Panee, defendant in error.

ERROR TO CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED NOVEMBER 7, 1903. DECIDED NOVEMBER 25, 1903.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

A motion to quash a writ of error on the ground that no such suit or proceeding as that described in the writ is now or ever was pending in the court to which it is directed, being supported by the return of the clerk and not controverted, is granted and the writ dismissed.

OPINION OF THE COURT BY GALBRAITH, J.

The defendant in error appeared "specially in his own behalf" and presented a motion to quash the writ issued in this cause on two grounds, namely, (1) Because he is not now and has never been a party to such a proceeding as that described in the writ of error, the notice or the citation served on him. (2) Because there is not now and never has been pending before the Circuit Judge of the First Circuit, at Chambers, in Probate, any such proceeding as that described in the writ of error.

The return to the writ made by the Clerk of the First Circuit Court is as follows:

"As a return to the within writ to me directed, I hereby certify that there is not now pending, nor has there ever been pending, before a Circuit Judge of the First Circuit Court, in Probate or otherwise, any such action or proceeding as that described in and designated by said writ."

This return is not controverted nor is there any showing made that there was a mistake in the description of the cause or the parties, although it was suggested by the attorney for the plaintiff in error, at the oral argument, that there was a mistake in the name of the parties and in the title of the cause as set out in the writ and a request was made to be allowed to amend the writ in these particulars. The facts supporting this suggestion do not appear of record nor are they set forth in a written motion supported by affidavit as required by Rule 6 of this court. Nor does it appear that the writ would have been amendable even if this showing had been made. We could not substitute a new writ for the defective one on this application for permission to amend. This is sufficient reason for denying the request.

Under our statute a writ of error in civil cases issues as a matter of right upon application to the clerk of the court, by "any party to the original cause or of any personal representative of a deceased person" (Section 1448, Civil Laws). It has been held that it is not the duty of the clerk to prepare the writ and that the attorney for the party seeking the writ should "prepare it and see that it is issued." (*Ahin v. Widemann,* 7 Haw. 333, 335.)

If there was a mistake in the preparation of the writ issued in this cause, either in the name of the parties, the title of the case, or otherwise, the plaintiff in error who was acting as his own attorney, is alone responsible for it and has no just cause of complaint if left to bear the burden of his own error, if any.

The motion should be granted and the writ dismissed.

It is so ordered.

*W. F. Fleming* for the plaintiff in error.

The defendant in error in person.