WILLIAM R. CASTLE, Trustee, plaintiff in error, *v.* KAPIOLANI ESTATE, LIMITED, defendant in error.

ERROR TO CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JUNE 29, 1904.          DECIDED JULY 11, 1904.

FREAR, C.J., HARTWELL AND HATCH, JJ.

WRIT OF ERROR—*parties.*

> All of the parties to an action must join in a writ of error, unless there has been a severance of interests.

JUDGMENT—*must conform to findings.*

> It is error to enter several judgments in ejectment where several parties are made defendants and one cause of action only is set out. Judgment must conform to the verdict or findings.

OPINION OF THE COURT BY HATCH, J.

Error to the Circuit Court for the First Circuit. The Kapiolani Estate, Limited, brought its action in ejectment against William R. Castle, Trustee, Philip L. Weaver and William Hoogs, defendants. A decision, trial having been had jury waived, was rendered in favor of the plaintiff and against the

defendants. Upon this finding two separate judgments were entered, one against the defendants Weaver and Hoogs, the other against the defendant Castle, trustee. On the judgment first named a writ of possession issued and due service was made, putting the plaintiff in possession of the land in question. The defendant, Castle, sued out a writ of error raising the question, among other assignments, of the power of the court to enter several judgments on the record in the case.

It is objected by the defendant in error that no writ of error lies to correct a judgment in a jury waived case where there is no other error in the record. Sections 1443-1444, C. L., are referred to. Section 1444 provides that writs of error shall lie to any decision or ruling by a justice or judge in any case in which jury has been waived. It is not necessary to decide whether or not the words "decision" or "ruling" are broad enough to include "judgment". Section 1445 clearly authorizes a writ of error to correct any error appearing on the record either of law or fact, or for any cause which might be assigned as error at common law. This extends to errors arising in cases tried by a judge, jury waived, as well as to other cases, and disposes of the objection.

It is further objected, by the defendant in error, that the writ should be dismissed for the reason that all the parties below are not made parties to the writ of error. _owler v. McIntyre, 9 Haw. 306. This is clearly the general rule and the objection would be good unless plaintiff in error has brought himself within some well established exception. The objection is to the jurisdiction and can be raised at any time. It was not raised by motion to quash, and the whole record is now before us. The record shows that the plaintiff in error, at the time of suing out the writ of error, was the sole party in interest who could attack the judgment entered below. By the entry of separate judgments, and by the taking out and service of the writ of possession against the defendants Weaver and Hoogs, there resulted an effectual and complete severance of their interests from the interests of the defendant Castle, trustee. The interests having

been severed, the case is brought within the exception pointed out by the Supreme Court in *Simpson v. Greely,* 20 Wall. 152. In that case, after stating the general rule, the court says: "Since this decision was published the question has frequently been presented to this court and has uniformly been determined in the same way where it appeared that the interest was joint and that no severance had been effected either in the judgment, or by subsequent summons and severance, or by some proceeding of an equivalent character. Undoubtedly this case shows what the general rule is, but it is equally well established, where some of the parties in interest refuse to join in a writ of error, or plead, that the others are entitled to resort to the process and proceeding of summons and severance to enable them effectually to remove the cause from the subordinate court into the appellate tribunal for re-examination." The execution having been satisfied, as far as the defendants Weaver and Hoogs were concerned, they would have had no right to join in the writ of error. It would have been an idle proceeding to summon them in to make an election when the right to elect was no longer theirs; their rights were absolutely foreclosed and put at rest. The plaintiff in error therefore, being the only party who has any rights which can now be inquired into, is the sole party in interest in this proceeding.

Coming now to the question of the power of the court to enter several judgments, under the facts in this case, we are of the opinion that no such power existed. The defendants were sued jointly; damages might have been recovered against all; there was only one cause of action. Separate defenses would not make a judgment several which was founded on a single cause of action. A single recovery was had, under the decision filed in favor of the plaintiff. This would support only a single judgment against all the defendants. The defendants were not severally in possession of specific portions of the land claimed, as was the case in *Ching On v. Amana,* 6 Haw. 625. In that case several judgments were entered against the different defendants, but that was in consequence of findings against the defend-

ants severally. The judgment followed the verdict. There were no separate findings made in this case which would support separate judgments; and under the testimony we fail to see how any such separate findings could have been made. No authority existed for splitting up the judgment and entering up several judgments against the defendants. Judgment is entered at the instance of the prevailing party. He has no power however to depart from, or modify, the verdict or findings, nor to add anything thereto. He can neither change the rights of the parties, as established by the decision or verdict, as between him and them, nor as between the adverse parties themselves. There is no principle more firmly established than that the judgment must follow, and conform to, the verdict or findings. *Dawson v. Shirk,* 102 Ind. 184; *Diedrich v. N. U. R. Co.,* 47 Wis. 662; *Stafford v. King,* 30 Tex. 257. Where two defendants are sued jointly there should be but one judgment and one record. If entitled to recover at all against both defendants, plaintiff is entitled to but one verdict, one judgment, and one satisfaction. *Hundhauson v. Bond,* 36 Wis. 29. "In an action of tort against several defendants, if the jury returns a joint verdict against them, judgment should be rendered against them jointly; and this, notwithstanding defendants may have pleaded separately. *Eames v. Stevens,* 26 N. H. 117; *Pickle v. Byers,* 16 Ind. 383.

"In an action of trover there can be but one assessment of damages. Though one defendant is defaulted and the other found guilty, yet there must be one joint judgment. The verdict which is to fix the amount of damages, fixes it as well as for the party defaulted as for the party who pleaded." *Gerrish v. Cummins,* 4 Cush. 391.

The case of *City Savings Bank v. Whittle,* 63 N. H. 587, cited by defendant in error as an authority for the entry of separate judgments, does not conflict with the views above expressed. That case authorized separate findings against the several defendants. It does not support the entry of judgment differing from the findings.

The defendant in error, while conceding in general that only

one judgment can be rendered in a joint action, urges that it is within the power of this court to now enter such judgment in the case as in their opinion the facts will warrant. This would be so .were the whole case before the court. Judgment has been satisfied as to the defendants who were in default by the issue and service of the writ of possession. This court, therefore, has no authority over that portion of the record which supports the writ of possession and which has passed beyond the domain of litigation. The court cannot now amend the judgment against Weaver and Hoogs by adding the other defendant as a party to that judgment. As above pointed out, the interest of the defendant Castle, trustee, was severed from those of the other defendants. That portion of the record which affects the plaintiff in error is alone open to review. The only judgment which we can enter in this case, therefore, is to set aside the separate judgment entered in the court below against William R. Castle, trustee, and it is so ordered.

The case is remanded to the Circuit Court.

*Castle & Withington* for plaintiff in error.

*Kinney, McClanahan & Cooper* for defendant in error.

