# DAVID K. BAKER, *v.* ARTHUR M. BROWN, LORRIN A. ANDREWS, ALATAU T. ATKINSON AND GEORGE P. KAMAUOHA.

EXCEPTIONS FROM CIRCUIT COURT, THIRD CIRCUIT.

ARGUED OCTOBER 15, 1906.        DECIDED OCTOBER 22, 1906.

FREAR, C.J., HARTWELL AND WILDER, JJ.

JUDGMENT ON VERDICT IN AN ACTION OF TORT—*awarding separate damages against the defendants.*

In an action of tort against four defendants, the verdict being that the jury found for the plaintiff and assessed his damages at the sum of $3002, namely, against A. T. A. $2500, A. B. $500, L. A. A. $1, K. $1, "and against all of the said defendants the sum of $63.15 the costs of court," held: The judgment was unauthorized by the law which forbids apportionment of damages in such cases and holds the defendants to a joint liability.

ID.—*judgment not merely erroneous but void.*

The judgment was properly vacated at a subsequent term, being not merely erroneous but absolutely void.

ID.—*practice—as to power to direct judgment.*

This court has no power, as in cases of error or exceptions or in exercise of its incidental power, to direct what, if any judgment could be entered on this verdict.

OPINION OF THE COURT BY HARTWELL, J.

This was an action on the case claiming $10,000 damages for causing the plaintiff's arrest maliciously and without probable cause and for attempting to eject the plaintiff's family from his dwelling house. The case was tried at the December 1904 term of the circuit court, the jury, upon January 19, 1905, rendering the following verdict: "We the jury in the above entitled cause find for the plaintiff and assess his damages at the sum of $3002, viz.: against Alatau T. Atkinson $2500, Arthur M. Brown $500, Lorrin A. Andrews $1, George P.

Kamauoha $1. (Signed) Walter Muller, Foreman." Two days after the rendition of the verdict defendants filed a motion to set it aside and award a new trial and also a motion in arrest of judgment, which motions were orally argued and submitted, the parties agreeing to and the court ordering 20 days for filing brief, two weeks thereafter for plaintiff's brief and one week after that for the defendants' brief in reply.

At the July 1905 term of the court, no briefs having been filed and no appearance at the term being made by the defendants, the court ordered judgment on the verdict to be entered as follows: "It is adjudged that the plaintiff recover from the said defendants as follows: against defendant Alatau T. Atkinson the sum of $2500, Arthur M. Brown $500, Lorrin A. Andrews $1, George P. Kamauoha $1 and against all of the said defendants jointly the sum of $63.15, the costs of court." Upon April 25, 1906, during the April 1906 term of the court the defendants filed a motion to vacate the judgment upon the ground that it was based upon an irregular and void verdict and was itself void and illegal and of no effect, which motion was granted and the judgment was set aside accordingly, to which ruling the plaintiff brings a bill of exceptions.

The plaintiff's contention in substance is that the judgment, if erroneous, was not absolutely void and, after the final adjournment of the term, could be vacated only on error or exceptions; that the portion of the verdict which assessed damages to the defendants separately was void and can be disregarded as surplusage as was done in such cases as *Currier v. Swan,* 63 Me. 323; *Halsey v. Woodruff,* 9 Pick. 555 and other similar cases cited; that every reasonable intendment ought to be made to sustain the verdict and that this court can properly direct the judgment which ought now to be entered.

The defense is that the judgment was void and that the case does not present the question whether any other judgment could be made than that which was entered and vacated, relying particularly on *Castle v. Kapiolani Estate,* 16 Haw. 33 and *Whittaker v. Tatem,* 48 Conn. 520.

A judgment awarding several damages against the defendants in an action of tort alleging a conspiracy to commit the wrongs charged, is unauthorized by the law which forbids an apportionment of damages in such cases and holds the defendants to a joint liability. The judgment which was entered was not merely erroneous, it was so radically wrong as to be absolutely void and therefore was properly vacated at a subsequent term. It was, in effect, four judgments, allowing four separate executions against the defendants. "Where two defendants are sued jointly there should be but one judgment." *Castle v. Kapiolani Estate,* 16 Haw. 36. Nor has this court power as in cases of error and in some cases of exceptions to direct such judgment "as to law and justice shall appertain" (Sec. 1867, R. L.) or as "the facts and law warrant" (Sec. 1883, R. L.) ; neither can this be done in exercise of the incidental power of the court to make such judgments as may be necessary to carry into full effect the powers given to it by the laws for the promotion of justice in pending matters. Sec. 1630, R. L. Such powers are not required to be exercised when the statute provides the procedure as it does in this case.

If the plaintiff, following some one of the courses adopted in the cases he cites, were to apply to the trial court for leave to enter judgment either against all the defendants for $3002 or for $2500, the highest sum assessed against any one of them, or for any of the smaller sums assessed, remitting the damages against the others, the ruling upon such application could come before us for consideration on error or exceptions when we should have to decide whether the verdict could be taken to be a finding for the plaintiff generally as against all the defendants for $3002 with an unauthorized and void apportionment of the damages so that judgment could be entered for that

·sum against all, or a finding for the plaintiff, not for $3002 .against all the defendants, but for the sums assessed against ·them severally as damages amounting to $3002, and whether in the latter case judgment could be entered against any one for the damages assessed against him discontinuing against :the others, or whether judgment could be entered against all .for the amount found against any one of the defendants.

Exceptions overruled.

*D. L. Withington (Castle & Withington* on the brief) and ·*C. W. Ashford* for plaintiff.

*M. F. Prosser, Deputy Attorney General,* for defendants.

