Ting v. Born, 21 Haw. 638.

## A. K. TING *v.* EARNEST O. BORN.

MOTION TO QUASH WRIT OF ERROR.

ARGUED SEPTEMBER 2, 1913.　　　DECIDED SEPTEMBER 15, 1913.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

APPEAL AND ERROR—*when writ of error may be had—execution subsequently satisfied.*

 Under Sec. 1869, R. L., "a writ of error may be had by any party deeming himself aggrieved by the * * *" judgment of any court, "except the supreme court, * * * at any time before execution thereon is fully satisfied, within six months from rendition of judgment;" and, where a writ of error is had at 2:05 p. m. and execution, which was issued at 11:45 a. m., is returned at 3:30 p. m. satisfied, the writ, notwithstanding the subsequent satisfaction of the execution, was properly had and the assignments of error may be examined.

ID.—*application for writ of error—prayer therefor.*

 A writ of error in civil cases issues as a matter of right upon application to the clerk, by any party to the original cause or by any personal representative of a deceased party, and such application need not contain a prayer for the writ.

PARTIES—*garnishee without interest in proceedings in error not a necessary party.*

 Where a bank as garnishee appears in the court below and makes disclosure showing funds in its possession to the credit of the defendant in excess of the amount of the plaintiff's claim, as well as in excess of the judgment thereafter rendered, and there being no question or dispute as to the amount of the deposit in the bank to the credit of the defendant, and it appearing that the garnishee has no interest in the litigation or in the result thereof, such garnishee is not a necessary party to the proceedings in error brought by the plaintiff in error (defendant below).

OPINION OF THE COURT BY DE BOLT, J.

 A writ of error to the circuit court of the second circuit having issued to review a judgment entered in an action wherein Alfred K. Ting (the defendant in error) was plaintiff and

Earnest O. Born (the plaintiff in error), was defendant and the First National Bank of Wailuku was garnishee, the defendant in error, upon the record being filed in this court pursuant to the writ, filed a motion to quash the writ and dismiss the proceedings in error on the following grounds: (1) that the judgment and execution thereon are fully satisfied; (2) that the garnishee is not a party to the proceedings in error; (3) that the writ of error issued without authority, there being no prayer therefor in the petition; (4) that the writ and the proceedings in error are defective, in that the case was not brought up under the title of the case below, the names being reversed; (5) that the assignments of error do not allege any error with such particularity as to enable this court or the defendant in error to ascertain the precise ruling or rulings intended to be reviewed.

The record shows that to the complaint filed by the plaintiff in the court below the defendant filed an answer denying generally all the allegations therein contained, and the garnishee filed a disclosure showing that the defendant had the sum of $459.38 to his credit on deposit with the garnishee; that judgment was entered on July 2, 1913, in favor of the plaintiff and against the defendant and the garnishee for the sum of $380 and costs; that execution issued at 11:45 a. m. on July 11 and was returned at 3:30 p. m. on the same day fully satisfied, the garnishee having paid the same out of the money held by it on deposit to the credit of the defendant; that the writ of error was issued by the clerk of this court at 2:05 p. m. on July 11 and filed in the court below and served on the defendant in error on July 12.

1. As to the first ground of the motion, namely, that the judgment and execution are fully satisfied. Section 1869, R. L., provides that "A writ of error may be had by any party deeming himself aggrieved by the decision of any justice, judge or magistrate, or by the decision of any court, except the supreme court, or by the verdict of a jury, at any time before

execution thereon is fully satisfied, within six months from the rendition of judgment."

The writ of error, it will be observed, issued at 2:05 p. m. and the execution, which had issued at 11:45 a. m., was returned at 3:30 p. m. fully satisfied. The record, however, does not show the exact hour between 11:45 a. m. and 3:30 p. m. when the execution was actually paid and satisfied. If, as a matter of fact, the execution were fully paid and satisfied before the hour of 2:05 p. m. this was a fact incumbent on the defendant in error to show. He has not shown this fact and it does not otherwise appear. It cannot be assumed or imported into the record by presumption. Hence, upon the record now before us, the plaintiff in error was entitled to the writ, it not appearing that at the time he applied for it and the same was issued that the execution was then satisfied.

The writ of error having issued before the execution is shown to have been satisfied, notwithstanding the fact that it was subsequently satisfied, the plaintiff in error has the right to have the alleged errors examined by this court and the judgment reversed if prejudicial error has been committed by the court below. The statute only modifies the common law rule to the extent that the writ must issue before execution has been fully satisfied. At common law the writ might issue after as well as before execution was satisfied. Thus, in *Dakota County* v. *Glidden,* 113 U. S. 222, 224, Mr. Justice Miller, speaking for the court, says: "There can be no question that a debtor against whom a judgment for money is recovered may pay that judgment and bring a writ of error to review it, and if reversed can recover back his money. And a defendant in an action of ejectment may bring a writ of error, and failing to give a supersedeas bond, may submit to the judgment by giving possession of the land, which he can recover if he reverses the judgment by means of a writ of restitution. In both these cases the defendant has merely submitted to perform the judgment of the court, and has not thereby lost his right to seek

a reversal of that judgment by a writ of error or appeal." See also *Hoogendorn* v. *Daniel,* 202 Fed. 431, 432; *Kenney* v. *Parks,* 120 Cal. 22, 24; *Burrows* v. *Mickler,* 22 Fla. 572, 574; 2 Cyc. 647.

2. As to the second ground of the motion, namely, that the garnishee is not a party to the proceedings in error. "The general rule with regard to parties is that every person to be directly affected in his interests or rights by a judgment on appeal or writ of error is entitled to be named or described in the application or writ, to have notice thereof, and an opportunity of being heard and defending his rights." 2 Cyc. 756, 757; 7 Ency. Pl. & Pr. 860, 861; *Castle* v. *Kapiolani Est.,* 16 Haw. 33, 34. Does the garnishee, under the circumstances disclosed by the record in this case, come within the terms or reason of the rule laid down by the authorities cited? We think not. In the court below the contesting parties were the plaintiff and the defendant, the sole question being, whether the defendant was indebted to the plaintiff or not. This question in no way concerned the garnishee. It had no interest in the suit or in the result thereof. It was a matter of total indifference to the garnishee whether judgment was rendered for the plaintiff or for the defendant. There was no question or dispute as to the amount of the deposit in the bank to the credit of the defendant. Neither has the garnishee any interest in the proceedings in error now before this court. It is immaterial to the garnishee whether the judgment be reversed or affirmed. Having appeared in the court below and made disclosure of funds in its possession to the credit of the defendant (plaintiff in error) in excess of the amount of the plaintiff's claim, as well as in excess of the judgment thereafter rendered and costs, the garnishee cannot be deemed to be "aggrieved" by the judgment rendered. There is no possible ground upon which the garnishee could claim the right to be heard in this court. It is apparent that there are but two parties who have any interest in the present litigation, namely, Earnest O. Born, the plaintiff

in error, and Alfred K. Ting, the defendant in error. We, therefore, hold that the garnishee, having no interest in the question being litigated, is not a necessary party to the proceedings in error. The case thus presented by the record is clearly and fundamentally distinguishable from cases wherein the rights and interest of the garnishee are involved. *Juilliard & Co. v. May,* 130 Ill. 87; *Tuthill v. Moulton,* 58 Pac. 1031; *Yerkes v. McGuire,* 54 Kan. 614; *Gregg v. Baldwin,* 62 Pac. 727; *Reese & Ellis v. Couyers & Co.,* 16 La. Ann. 39; *Copley v. Snow,* 3 La. Ann. 623; *Greenman v. Melbye,* 78 Minn. 361.

Upon the proposition that the garnishee is not a necessary party to the proceedings in error, because of a lack of interest in the litigation, we cite the following authorities: *Railroad v. Johnson,* 15 Wall. 8, 9; *Mercantile Trust Co. v. Kanawha & O. Ry. Co.,* 58 Fed. 6, 11, 13, 14; *Galveston H. & N. Ry. Co. v. House,* 102 Fed. 112, 114; *Raub v. Relief Association,* 3 Mackey (D. C.) 68, 77; *Loring v. Wittich,* 16 Fla. 323, 324; *Gray v. Dryden,* 79 Mo. 106; *DeVaughn v. Byrom,* 36 S. E. 267, 268; *Western Union Tel. Co. v. Griffith,* 36 S. E. 859, 861; *Town of Albuquerque v. Zeiger,* 25 Pac. 787; *Castle v. Kapiolani Est.,* 16 Haw. 33, 35; 2 Cyc. 757-760; 7 Ency. Pl. & Pr. 863, 865; *Barner v. Gorden,* 16 La. Ann. 324.

3. As to the third ground of the motion, namely, that the writ issued without authority, there being no prayer therefor in the petition. Under section 1874, R. L., a writ of error in civil cases issues as a matter of right upon application to the clerk of the court, by "any party to the original cause or of any personal representative of a deceased party." *Fitch v. Watson,* 15 Haw. 316, 317. The statute does not in express terms require that the "application" for the writ be in writing. Whether an oral application would be sufficient we need not say inasmuch as the application for the writ in this case was in writing and was signed by the plaintiff in error. The application, following the title of the cause, is entitled: "Petition for writ of error."

It will be observed that the application is not to be made to a judge or to a judicial tribunal, exercising judicial powers, but to the clerk, a ministerial officer. We think the application in this case was sufficient and that the writ was properly issued. Here, as well as in other jurisdictions, the writ issues as a matter of right. See *Pembroke* v. *Abington,* 2 Mass. 141; *Anonymous,* 16 N. J. L. 271; *First National Bank of Orlando* v. *King,* 18 So. 1; *Van Antwerp* v. *Newman,* 4 Cow. (N. Y.). 82, 84; *Louisville Trust Co.* v. *Stockton,* 72 Fed. 1, 2.

4. As to the fourth ground of the motion, namely, that the case is not brought up under the title of the case below, as required by Rule 9 of the rules of this court. The plaintiff in error, at the oral argument, moved for leave "to amend the petition in error, assignments of error, and writ of error, by writing in lieu of the names of the parties as given in the caption the following, to-wit: *A. K. Ting,* defendant in error, vs. *Earnest O. Born,* plaintiff in error." The motion to so amend is granted, and the amendments may be made accordingly.

5. As to the fifth ground of the motion, namely, that the assignments of error do not point out the alleged errors with sufficient particularity. One, at least, of the assignments in error, namely, "that plaintiff in error was deprived of a full, fair and impartial trial in said cause by the remarks of the court beginning with and continuing during the entire course of the trial," is sufficiently clear to enable the court to consider it.

The motion to quash the writ of error and dismiss the proceedings in error is denied.

*E. R. Bevins* for the motion.

*Andrews & Quarles* and *Eugene Murphy* contra.