This matter is before us upon defendants' motion to dismiss a writ of error. The writ, addressed to the registrar of the land court, commanded the latter forthwith to send to this court the record in the above entitled case and was substantially in the form provided by section 2532, R.L. 1925. It was issued upon an application made by the Territory to the clerk of this court, which application, omitting caption, title, address, date and signature, was in the following form: "Please issue a writ of error in the above entitled case to the registrar of the land court of the Territory of Hawaii, on behalf of said Territory of Hawaii, returnable to the supreme court." Filed with the application was a notice of the same signed by the attorney general and addressed to the contestants and their attorneys, together with an assignment of errors containing twenty-one specifications. The writ was thereafter returned by the registrar of the land court in the form provided by section 2533, R.L. 1925, and receipt in the record was acknowledged by attorneys for contestants of copies of application, writ, return of writ, notice and assignments of error. The grounds of defendants' motion to dismiss are therein set forth as follows: "(1) That said writ was improvidently issued; (2) that it does not appear in or by the application for said writ that the jurisdictional facts necessary to entitle the plaintiff in error to the issuance of the writ existed; (3) that it *Page 496 
does not appear in or by the application for said writ that any judgment sought to be reviewed was rendered within six months from the date of the application; (4) that it does not appear in or by the application for said writ that any judgment sought to be reviewed was not fully satisfied prior to the filing of said application; (5) that it does not appear from the notice of the application for the writ, nor from the assignment of errors, nor from the writ itself that any judgment sought to be reviewed was rendered within six months from the date of said application, nor does it appear thereby that judgment was not fully satisfied prior to the filing of said application; (6) that it does not appear from the application for said writ, nor from the writ itself, that any final judgment or decree had been entered in said cause in the land court prior to the date of said application or writ; (7) that the judgment or decree, if any, for the purpose of reviewing which said writ was issued is nowhere designated or identified."
Thus it appears that defendants' motion is based wholly upon alleged omissions in the averments of the papers therein named and not upon the facts themselves nor upon any affirmative showing of insufficiency nor upon any omission in the record as a whole. It is not claimed in fact, or as shown by the record, that the decree sought to be reviewed is other than the final decree or that the application is barred by lapse of time or by satisfaction of judgment.
In support of their contention that the application must set forth the jurisdictional averments above referred to before a writ can be legally issued movants cite the dicta of two early Hawaiian cases, namely, Hennessy v. Bolles, 2 Haw. 184, 185, decided November 12, 1859, and Bowler v. McIntyre, 9 Haw. 306, 307, decided October 17, 1893. *Page 497 
Quoting from the opinion in the former case: "This is the first instance of a writ of error having issued from this court; and it may be well, therefore, to note certain irregularities that have taken place in this proceeding with a view to prevent their recurrence in future practice. The plaintiff's petition should have set forth two things in order to entitle him to the writ under the statute, viz.: That six months had not elapsed since the rendition of judgment in the circuit court; and that execution on that judgment had not been issued and returned satisfied. (Civil Code, section 1157.) The first of these conditions is shown by the petition, but the last is not averred, nor does it appear in any way. This objection was not raised by the defendant's counsel, and we advert to it merely for the purpose of regulating the practice in similar cases hereafter."
Quoting from the opinion in the later case of Bowler v.McIntyre: "Counsel for defendant in error contends that the writ should be dismissed for the reasons * * * that there is no allegation in the petition that the judgment is not satisfied; and that the writ was not issued within six months from the rendition of judgment. * * * It should be alleged in the petition that the judgment was not fully satisfied, this being a statutory prerequisite for the issuance of the writ, but, whatever may be the effect of an omission to so allege, it is too late for the defendant to take advantage of it after issue joined upon the merits, although the court might of its own motion dismiss the writ if it appeared by the record that the judgment had been satisfied. This does not appear in this case."
From an examination of the record the court in the last case cited also found that the writ had been issued within the time prescribed by statute, and proceeded to consider the case upon its merits. *Page 498 
In neither Hennessy v. Bolles nor Bowler v. McIntyre
was the writ of error dismissed. In neither case was it necessary for the court to decree the petition insufficient under the statute then in force. But even if the necessity had been otherwise the two cases last above cited would not be determinative of the practice applicable in the present instance, and this because of the change since those two cases were decided in the statutory provisions as to applications for writs of error. When Hennessy v. Bolles was decided writs of error were obtainable under section 1157, et seq., C.C. 1859. The statute upon this subject, in force at the time of the opinion inBowler v. McIntyre, was Act 95, L. 1893. Neither the Code of 1859 nor the Act of 1893 provided for the averments to be contained in an application for a writ of error.
On April 7, 1919, was approved an Act phrased in directory terms, which provided a form for such applications. The Act above referred to is now section 2531, R.L. 1925, and reads as follows:
"The application for the writ of error may be made, in person or by attorney, to the clerk of the supreme court and may be in substantially the following form:
"In the Supreme Court of the Territory of Hawaii.
"_________, v. ________
"To the Clerk of the Supreme Court:
"Please issue a writ of error in the above entitled case to the Clerk of the Circuit Court of the ____ Circuit (or to the District Magistrate for the District of ____) on behalf of said ____, returnable to the Supreme Court.
"Dated ____, 19__
 "________________________ In person
 "(or ____________________ Attorney for _______)"
"It will be observed that the application is not to *Page 499 
be made to a judge or to a judicial tribunal, exercising judicial powers, but to the clerk, a ministerial officer." Ting v.Born, 21 Haw. 638, 643. The application in the instant case is substantially in the form now provided by statute. More is not required of it. See Territory v. Kauhane, 25 Haw. 307, 308.
With the application, as above set forth, was filed an assignment of errors as required by section 2530, R.L. 1925. The assignment sufficiently identified the decree sought to be reviewed. The assignment is a proper place for such identification. (Tefft v. Stern, 74 Fed. 755, 756.) Upon the filing of the papers above referred to the writ issued as a matter of right. See Ting v. Born, supra; Pembroke v.Abington, 2 Mass. 141; Anonymous, 16 N.J.L. 271; FirstNational Bank of Orlando v. King, 18 So. (Fla.) 1; VanAntwerp v. Newman, 4 Cow. (N.Y.) 82, 84; Louisville TrustCo. v. Stockton, 72 Fed. 1, 2. See also section 2527, R.L. 1925, as amended by Act 211, L. 1925.
Whether or not more was done in the instant case precedent to the issuance of the writ than the statute requires for that purpose it is not now necessary for us to determine. In any event the statutory prerequisites to the issuance of a writ of error were fully observed.
The motion is denied.