## M. A. GONSALVES *vs.* C. L. BRITO, A. M. BETENCOURT, M. A. PEREIRA, M. J. FREITAS, M. A. PEIXOTO, and M. QUADRAS.

MOTION TO STRIKE FROM CALENDAR.

HEARING, MARCH 31, 1891. DECISION, APRIL 20, 1891.

JUDD, C.J., McCULLY, BICKERTON, DOLE, JJ.

Upon a motion for a new trial, after verdict rendered in damages, the defendants' bond to plaintiff not to remove or dispose of, to his detriment, any property they may have liable to execution on judgment, (Civil Code, Sec. 1156) must be in a sum not less than the amount of the verdict.

OPINION OF THE COURT, BY DOLE, J.

A verdict was rendered against the defendants in an action for publishing a libel, at the last October Term of this Court, for three thousand dollars damages, to which they excepted, and filed a motion for a new trial, upon several grounds. A bond to the plaintiff was filed with this motion, in the sum of two hundred dollars, conditioned upon the payment of costs further to accrue, and the non-removal and disposition to the detriment of the plaintiff of property held by the defendants liable to execution under the judgment upon such verdict.

The motion for a new trial was overruled by Chief Justice Judd, on the third day of March last, to which decision the defendants filed their bill of exceptions, with a bond for one hundred dollars, to the Clerk of Court, similarly conditioned with the first bond.

The plaintiff, after the opening of the term, filed a motion to strike the cause from the calendar for the following reasons: " That the bill of exceptions does not embody the testimony," and " that the defendants have not filed a sufficient bond conditioned that they will not to. the detriment of the plaintiff remove or otherwise dispose of any property they may have liable to execution on judgment."

We allow the motion upon the second ground; it being clear to us that a "sufficient" bond of security, conditioned that defendants will not to the detriment of the plaintiff in the action remove or otherwise dispose of any property they may have liable to execution under the judgment rendered in the proceedings, which is the requirement of the statute (Civil Code, Section 1156) can be for no less amount than the amount of the verdict rendered, if in money, as is the case in these proceedceedings. A bond in the sum of two hundred dollars, that the defendants will not, to the detriment of the plaintiff, remove or dispose of any property they may have liable to execution under a judgment of three thousand dollars, cannot be imagined to be a " sufficient bond of security."

This interpretation of the statute was definitely announced in

the case of *Joliva vs. Kaulukou*, 7 Hawn., 733, and we here more fully and positively reiterate it.

*F. M. Hatch* and *W. O. Smith*, for plaintiff.

*A. Rosa* and *J. M. Davidson*, for defendants.