LUCY K. PEABODY *v.* S. M. DAMON, J. O. CARTER, W. F. ALLEN, C. M. HYDE and W. O. SMITH, TRUSTEES under the Will of B. P. DISHOP, Deceased.

ERROR TO CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED MARCH 21, 1904. DECIDED MAY 5, 1904.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

An issuance of execution for costs on the day of entry of judgment for the defendants in an action to quiet title and its return the next day as satisfied by the payment of the costs by the plaintiff, will not prevent the plaintiff from having a writ of error thereafter within the time allowed by the statute. In such cases, judgment is not fully satisfied within the meaning of C.L., Sec. 1443.

Service of an assignment of errors need not be made on one named as a defendant, nor need the return account for failure to serve him. when the record shows that he had died before the commencement of the action in the lower court. In such cases, C.L., Sec. 1453 does not apply.

C.L., Sec. 1453, does not provide for substituted service of an assignment of errors. C.L., Sec. 1219, requires a return of service, including substituted service, to be indorsed on the paper served. Under neither provision, therefore, was it proper for the officer, after making return of service of the assignment on three defendants, to file an affidavit that he had afterwards made substituted service on a fourth defendant, and such affidavit may be stricken from the files.

When an officer has returned service of an assignment of errors on three defendants on the day of the issuance of the writ and has made an unsuccessful attempt to serve a fourth defendant or to make a proper return thereof within twenty days thereafter, further opportunity may be given to make a proper service or return thereof.

OPINION OF THE COURT BY FREAR, C.J.

The action in the Circuit Court was one to quiet title. The trial judge directed a verdict for the defendants, which was rendered, and a judgment was entered thereon for the defendants. The defendant, C. M. Hyde, had died before the commencement of the action, but the remaining defendants appeared generally. On the day on which judgment was entered these defendants took out execution for $8.50 costs in the action and for costs of execution, but the execution was returned satisfied the next day upon the plaintiff's paying the costs. The plaintiff thereafter, on November 19, 1903, sued out this writ of error, which was returned by the clerk of the Circuit Court with the record in the action to quiet title, but the officer's return of service of the assignment of errors showed service upon only three of the defendants, namely, S. M. Damon, J. O. Carter and W. O. Smith, who thereupon appeared specially, on November 25, and moved to quash the writ for want of service on the defendants Allen and Hyde and on the ground that execution had been fully satisfied, and served notice that the motion would be presented on November 30. The motion went over by consent to December 5, when the plaintiff filed an affidavit by the officer, entitled "amended return of service", to the effect that on November 30, at 9:45 a. m., he had served the assignment, etc., on the defendant, W. F. Allen, by leaving a copy thereof at his residence with a servant of his, he being then, as the deponent was informed and believed, absent from the Territory. The four defendants then, appearing specially, filed a second motion to quash the writ on the same grounds as before, and also that the amended return be stricken from the files on the ground that it was unauthorized by law and of no effect.

The contention that the plaintiff was precluded from suing out this writ on the ground that execution was fully satisfied, cannot be sustained. It is true that a writ of error may be had only before execution is fully satisfied (C.L., Sec. 1443), and that no reversal on error can affect the validity of a sale on

execution prior to the service of the assignment of error (*Id.,* Sec. 1455), but has execution been fully satisfied within the meaning of the statute? Perhaps so as to costs, but not as to the title to the land. Assuming that the defendants were in possession, as they probably were, and that the execution for the costs was the only execution that could be issued, still as a matter of fact no execution has been issued or satisfied in respect to the title to the land, which was the subject of the suit, the costs being a mere incident, and a plaintiff would not be precluded from obtaining a writ to correct errors in a judgment merely because execution for costs was satisfied any more than he would be precluded if there had been no costs and therefore could be no execution for them. Apart from the statute, the payment of costs cannot under the circumstances operate as a voluntary waiver of the right to a writ of error. See *State v. Martland,* 71 Ia. 543.

It was unnecessary to serve C. M. Hyde, though he was named as a defendant. He had died before the commencement of the action and never was a party to that action. The statute (C.L., Sec. 1453) which requires service "upon the defendant in error or upon the personal representative of a deceased party" has no application as to him. True, the petition for this writ does not show his death nor does the officer's return as to the service of the assignment of errors show that, but the record returned to this Court by the clerk of the Circuit Court in obedience to the writ, and upon which this motion is based, shows it. That record is now before this Court. Service on the defendants was not a prerequisite to bringing the record here. The writ goes to the clerk or judge of the lower court. The clerk or judge returns the record to this court. This Court acts on the record. Service on any defendant is necessary merely to enable the court to dispose of the case as to him, because he is entitled to a hearing before his rights can be affected. But if, as is the case here, the record shows that he never was a party, though he was named as a defendant, and that he is not entitled to a hearing, the court may act without notice to him.

As to service on the defendant Allen, it will be sufficient to say that, if Secs. 1218-1221 of the Civil Laws were applicable, as counsel on both sides seem to concede, but as to which we express no opinion, still, the summons, petition, assignment of errors, and notice to defendants having been returned into court after service on three of the defendants, it was not proper for the officer, after subsequently leaving copies at Allen's residence, to make a return in the shape of an affidavit as to his doings therein, inasmuch as Sec. 1219 requires that "in all cases where process * * * or any complaint, order or citation be served * * * a record thereof shall be indorsed upon the back of such process, complaint, order or citation." If on the other hand only Section 1453, above referred to, applies, there could be no substituted service at all on Allen. The motion that the so-called amended return be stricken from the files is accordingly granted.

It does not follow, however, that the motion to dismiss the writ of error should be granted absolutely. There is no statutory requirement that service of the assignment of errors and notice that a writ of error has issued should be made on all the defendants within any specified time. As already stated, this writ of error has been returned and the record is here, and it is provided merely that "no hearing shall be had on a writ of error until twenty days after service" of the assignment of errors and notice that a writ of error has issued. The plaintiff should be given an opportunity to have proper service made on this defendant and a proper return made of such service, especially as the return of service on only three of the defendants was made on the day on which the writ was issued and the attempted substituted service and attempted return thereof were made less than twenty days thereafter. We need not attempt to state what course should now be pursued in order to procure service on this defendant or what course should be pursued in case personal service cannot be made on him.

The writ will be dismissed unless the plaintiff within ten

days takes proper steps to enable the court to proceed to a hearing as to defendant Allen.

*E. C. Peters* for plaintiff.

*Kinney, McClanahan & Cooper, S. H. Derby* and *Holmes & Stanley* for defendants.