# M. P. FERREIRA *v.* HONOLULU RAPID TRANSIT & LAND COMPANY, LIMITED.

## EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JANUARY 9, 1905.     DECIDED JANUARY 16, 1905.

FREAR, C.J., HARTWELL AND HATCH, JJ.

EXCEPTIONS.

A bill of exceptions, including exceptions to rulings taken during the course of a trial, and an exception to the overruling and motion for a new trial, cannot be dismissed in consequence of defects in connection with the motion for a new trial. As to exceptions taken during the trial, the bill of exceptions being perfected and allowed, will be retained.

CHOICE OF REMEDIES.

Where a party has appealed a bill of exceptions and has also sued out a writ of error covering the same matters he will be obliged to elect which procedure he will follow.

### PER CURIAM.

The plaintiff moves that the defendant's bill of exceptions be stricken from the calendar on the grounds that the defendant's motion for a new trial, the rulings upon which constitute one of the grounds of exception, was improperly entertained by the trial court, a sufficient bond not having been filed with the motion conditioned not to remove or dispose of any property to the detriment of the plaintiff liable to execution, and costs not having been paid on the filing of said motion; and for the further ground that a writ of error has been sued out by the defendant

raising identically the same questions which are set out in the bill of exceptions.

The case was tried at the April term 1904. A verdict was found for the plaintiff on the 30th day of April. On the 5th day of May the defendant filed a motion for a new trial and a bond in the sum of $25, conditioned to pay all costs of the motion and that the defendant should not to the detriment of the plaintiff remove or otherwise dispose of any property it might have liable to execution on the judgment. The verdict was for the sum of $3,000. On May 13th the plaintiff moved that the defendant's motion for a new trial be stricken from the files on the grounds of insufficiency of the bond filed and failure to pay costs. This motion was overruled and on May 14th a further bond for $3,100 was filed by the defendant, conditioned as was the first bond. The bond last named was filed too late. The requirement that a sufficient bond should be filed was jurisdictional. The bond for $25 was not a sufficient bond for securing the plaintiff's rights under his verdict for $3,000. A sufficient bond not having been filed the court below had no jurisdiction to entertain the motion for a new trial, and the exception to the ruling of the court on said motion cannot here be entertained. *Gonsalves v. Brito,* 8 Haw. 255.

The defendant's bill of exceptions, however, incorporates numerous exceptions to rulings made during the course of the trial. An order was obtained on the 13th day of May, 1904, granting the defendant additional time in which to file its bill of exceptions; the time given being ten days after the completion and delivery of the transcript of evidence. This order being obtained within twenty days after verdict, was effectual to save defendant's rights. The transcript of evidence was completed and placed on file October 27th, 1904. The bill of exceptions was presented to the trial judge on the same date and was allowed by the judge and filed on the 18th day of November, 1904. In addition to the bond for $3,100, costs were paid by the defendant, and the sum of $25 deposited in lieu of bond for future costs on the 17th day of May, 1904. The

bill of exceptions therefore, as to all of the exceptions taken during the course of the trial, is properly before this court.

The defendant, however, on the 29th day of October, 1904, sued out a writ of error setting out, in its assignments of errors, matters which the plaintiff claims are identical with the matters brought up for review by the defendant's bill of exceptions. The identity of the questions raised by the bill of exceptions on the writ of error is not denied by the defendant. Under these circumstances we consider that the defendant should elect between the two remedies. Though the remedies are concurrent it does not follow that the party is entitled to both of said remedies at the same time, any more than he would be entitled to maintain two actions for the same cause in courts of concurrent jurisdiction. The defendant is given five days in which to elect which remedy he will pursue.

SUBMITTED JANUARY 9, 1905.     DECIDED JANUARY 27, 1905.

