# THE TERRITORY OF HAWAII *v.* AH SING AND 67 OTHERS.

### ERROR TO CIRCUIT COURT, FIRST CIRCUIT.

#### SUBMITTED AUGUST 30, 1907.   DECIDED SEPTEMBER 16, 1907.

#### HARTWELL, C.J., WILDER AND BALLOU, JJ.

APPEAL AND ERROR—*insufficient description of plaintiffs in error—error to a several judgment—service of writ.*

Where a writ of error is sued out by "Ah Sing and 67 others." the words "and 67 others" will be treated as surplusage.

The conviction of a number of defendants of being present at a gambling game is a several judgment to which one may prosecute a writ of error without joining the others.

A writ of error is served by service of a copy of the assignment of errors with notice that a writ has issued.

#### OPINION OF THE COURT BY BALLOU, J.

Ah Sing and sixty-seven others were found guilty in the district court of Honolulu, and afterwards upon appeal in the circuit court of the first circuit, of violating R. L., Sec. 3175, by being present at a place where a gambling game was being carried on.   The complaint in the district court, the transcript of the record in that court, the notice of appeal, the district magistrate's certificate of appeal and the decision of the circuit judge who tried the case, jury waived, all set out in full the names of the sixty-eight defendants.   The other papers in the case, consisting of defendants' motion for a new trial and order

for a transcript, are headed "Territory of Hawaii v. Ah Sing et al." The clerk's minutes and some papers relating to a bill of exceptions not now before this court are headed "Territory of Hawaii v. Ah Sing and 67 others."

In this court the application for a writ of error, order allowing the writ, assignment of errors, writ of error, and notice of issuance of writ of error are all headed "The Territory of Hawaii v. Ah Sing and 67 others." The application for the writ begins: "Now comes Ah Sing and 67 others by their attorneys," etc. Nowhere does the name of any defendant other than Ah Sing appear.

The Territory now moves to quash the writ of error on the grounds of a defective writ and improper service.

It is apparent that the "67 others" who joined in the application for the writ are not described with sufficient particularity to give them any standing in this court, and these words in the papers relating to the writ of error should be treated as mere surplusage. *Deneale v. Stump,* 8 Pet. 526; *Bowler v. McIntyre,* 9 Haw. 306, 308. If the judgment below had been a joint one, as is ordinarily the case in civil actions, the whole writ would have been defective for nonjoinder of necessary parties. *Simpson v. Greeley,* 20 Wall. 152; *Todd v. Daniel,* 16 Pet. 521; *Feibelman v. Packard,* 108 U. S. 14. The judgment in this case, however, was several, none of the defendants having any interest in the judgment against the others and there is no reason why Ah Sing should not prosecute a writ of error without reference to the other defendants. *Germain v. Mason,* 12 Wall. 259; *Cox v. U. S.,* 6 Pet. 172.

As regards defective service, the motion is based upon an affidavit that the Territory has not been served with summons or with a true copy or a certified copy of the writ of error. The statute relating to writs of error, however, provides for the service of a copy of the assignment of errors with a notice from counsel that a writ of error has issued. R. L., Sec. 1880. The record contains a certificate of this service by the high sheriff. No summons is provided for in connection with the writ of

error and therefore the general statute relating to service of process, R. L., Sec. 1721, is not applicable. This point was suggested but left undecided in *Peabody v. Damon,* 15 Haw. 628.

The writ of error, so far as Ah Sing is concerned, is properly sued out and the motion to quash must therefore be denied.

*M. F. Prosser, Deputy Attorney General,* for plaintiff (defendant in error).

*R. W. Breckons* for defendants (plaintiffs in error).

