# JAMES CORNWELL, MARY KALEINOEHU CRAWFORD AND KAMAI KONA *v.* WAILUKU SUGAR COMPANY, A CORPORATION.

## MOTION TO QUASH WRIT OF ERROR.

ARGUED MAY 15, 1911.               DECIDED MAY 20, 1911.

### ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

APPEAL AND ERROR—*waiver of right to writ of error—payment of costs.*
 The mere payment of the costs by an unsuccessful plaintiff in an action of trespass is not a waiver of the right to prosecute a writ of error from the judgment entered on the merits.

OPINION OF THE COURT BY PERRY, J.

The defendant moves to dismiss the writ of error sued out by the plaintiff on the grounds (1) "that it appears affirmatively from the petition on file that this court was without jurisdiction to grant the writ of error prayed for" and (2) "that prior to the issuance of such writ of error execution on the judgment heretofore entered in the Circuit Court of the Second Judicial Circuit of the Territory of Hawaii in favor of the defendant and against the plaintiff had been returned fully satisfied." The petition for the writ was first filed and the writ issued on April 22, 1911. The petition in its original form recited that the verdict was rendered on October 21, 1910, that judgment was "thereafter and thereupon entered in accordance with the said verdict" and that six months had not elapsed "since the said verdict was so rendered." By consent of the appellee the word "judgment" was substituted for "verdict" in the sentence last quoted. In the amended form there is nothing in the petition to contradict or render ambiguous the allegation that six months have not elapsed since the judgment was entered. The first ground of the motion, therefore, cannot be sustained.

The original action was one of trespass and the judgment, following the verdict, was that the plaintiffs take nothing and that the defendant have judgment for its costs taxed at $33. From an affidavit filed in support of the motion it appears that on or about December 10, 1910, execution was issued against the property of the plaintiffs and returned "fully satisfied." The satisfaction admittedly consisted merely in the payment of the costs. Section 1869 of the Revised Laws provides that a writ of error may be had "at any time before execution thereon is fully satisfied." In *Peabody* v. *Damon,* 15 Haw. 628, 629, 630, an action to quiet title wherein judgment was for the defendants and execution was taken out and satisfied for the costs, a motion to quash the writ on the ground that the execution had been fully satisfied was presented. Concerning the

Cornwell v. Wailuku Sugar Co., 20 Haw. 513.

motion the court said: "The contention that the plaintiff was precluded from suing out this writ on the ground that execution was fully satisfied, cannot be sustained. It is true that a writ of error may be had only before execution is fully satisfied (C. L., Sec. 1443), and that no reversal on error can affect the validity of a sale on execution prior to the service of the assignment of error (Id., Sec. 1455), but has execution been fully satisfied within the meaning of the statute? Perhaps so as to costs, but not as to the title to the land. Assuming that the defendants were in possession, as they probably were, and that the execution for the costs was the only execution that could be issued, still as a matter of fact no execution has been issued or satisfied in respect to the title to the land, which was the subject of the suit, the costs being a mere incident, and a plaintiff would not be precluded from obtaining a writ to correct errors in a judgment merely because execution for costs was satisfied any more than he would be precluded if there had been no costs and therefore could be no execution for them. Apart from the statute, the payment of costs cannot under the circumstances operate as a voluntary waiver of the right to a writ of error. See *State v. Martland,* 71 Ia. 543."

The ruling thus made is applicable to the case at bar. The fact in this case is, as it was assumed to be in that, that the execution for costs was the only execution that could be issued, and yet, repeating the language used in that case, as a matter of fact no execution has been issued or satisfied in respect of the principal subject of the action, the right to damages for the injury to the land. In this instance, as in that, the costs were merely incidental. Their payment cannot operate as a waiver of the right to a writ of error.

The motion is denied.

*J. Lightfoot* for plaintiff.

*M. F. Prosser* for defendant.