Robinson v. Kaae, 22 Haw. 397.

## W. J. ROBINSON, THIRD JUDGE OF THE CIRCUIT COURT OF THE FIRST CIRCUIT OF THE TERRITORY OF HAWAII, PLAINTIFF AND DEFENDANT IN ERROR, *v.* JESSIE K. KAAE AND ANTONINO A. LONG, DEFENDANTS, AND JOHN F. COLBURN, DEFENDANT AND PLAINTIFF IN ERROR.

### MOTION TO QUASH WRIT OF ERROR.

ARGUED DECEMBER 7, 1914.                    DECIDED JANUARY 2, 1915.

ROBERTSON, C.J., WATSON, J., AND CIRCUIT JUDGE EDINGS IN PLACE OF QUARLES, J.

APPEAL AND ERROR—*necessary parties.*

All the parties against whom a joint judgment or decree is rendered must join in the writ of error or appeal or it will be dismissed except sufficient cause for the nonjoinder be shown.

SAME—*writ of error—statutory construction.*

Under sections 1869, 1874, R. L., any one of the defendants against whom a joint judgment is rendered, feeling himself aggrieved thereby, has a legal right to prosecute a writ of error for his own benefit but it must be done in the names of all the parties jointly interested in the judgment below.

SAME—*same—where some of defendants have filed bill of exceptions.*

Where one or more of several defendants against whom a joint judgment is rendered bring the case to this court for review on a bill of exceptions this does not operate as a severance which will justify another of the defendants in separately suing out a writ of error without making his codefendants parties thereto.

SAME—*same—appellate court—jurisdiction.*

The presence of all the necessary parties is essential to the jurisdiction of an appellate court and where the time has expired for suing out the writ the omitted parties cannot be brought in by an amendment.

### OPINION OF THE COURT BY WATSON, J.

On the 5th day of May, 1914, in the circuit court of the first judicial circuit, a joint judgment was rendered in favor of the defendant in error, W. J. Robinson, third judge, etc.,

against the said plaintiff in error John F. Colburn, Jessie K. Kaae and Antonino A. Long, in an action of debt predicated upon a certain bond in which defendant Kaae was principal and defendants Colburn and Long were sureties. To reverse this judgment Colburn, plaintiff in error, one of the defendants against whom the said judgment was rendered, has prosecuted this writ of error separately from the other defendants in the judgment. The defendant in error moves the court to quash the writ on the ground "that the defendants Jessie K. Kaae and Antonino A. Long are not parties thereto either as plaintiffs in error or defendants in error, and the plaintiff in error, John F. Colburn, is not entitled as a matter of law or of right to the said writ of error because of having failed to make the said codefendants parties thereto." Undoubtedly the general rule is that in cases at law where the judgment is joint all the parties against whom it is rendered must join in the writ of error or the writ will be dismissed. *Hardee* v. *Wilson,* 146 U. S. 180, 181; *Masterson* v. *Herndon,* 10 Wall. 416; *Simpson* v. *Greeley,* 20 Wall. 152; *Mason* v. *U. S.,* 136 U. S. 581; 2 Cyc. 763; 66 L. R. A., case note, 855. The rule has frequently been applied in cases similar to the one at bar, where a judgment or decree has been rendered against both principal and sureties on a bond, and it has uniformly been held that they should all join in the writ of error or appeal. *Cline et al* v. *Mitchell* (Wash.), 23 Pac. 1013; 2 Cyc. p. 764 and cases cited; 2 Cent. Dig., appeal and error, §1812. Counsel for plaintiff in error concedes the general rule to be as above stated, but contends (1) that under our statute it is not necessary to join all the parties to the action or suit below as parties plaintiff or defendant in error; (2) that the other parties defendant having brought the case to this court for review on exceptions, the present case comes within an exception to the general rule requiring that all parties in the cause below should be made parties plaintiff or defendant in error. The statutes

relied on by plaintiff in error in support of his first contention are sections 1869 and 1874 of the Revised Laws, as follows:

Sec. 1869. "A writ of error may be had by any party deeming himself aggrieved by the decision of any justice, judge or magistrate, or by any decision of any court except the supreme court, or by the verdict of a jury, at any time before execution thereon is fully satisfied, within six months from the rendition of judgment."

Sec. 1874. "Writs of error in civil cases may be issued by the clerk of the judiciary department or his deputies as of right in term time or vacation, upon the application of any party to the original cause or of any personal representative of a deceased party."

We cannot give to the statutes in question the meaning contended for by counsel. It is true that the writ is one of right and any party named in the act has a legal right to prosecute a writ of error for his own benefit, but it must be done in the names of all the parties jointly interested in the judgment below. As was stated in *Smetters & Harris* v. *Rainey et al.*, 14 O. St. 287, 291-2, "Either one of the defendants, feeling himself aggrieved by the judgment, had the undoubted right to have his liability under it reconsidered on error, by filing his petition in error, and making all the other parties to the judgment parties, either as plaintiffs or defendants, to the petition, at any time within * * * but not after that period." This is the uniform construction which has been placed upon the statute by this court and we know of no reason why the rule as laid down should be departed from. *Bowler* v. *McIntyre,* 9 Haw. 308; *Castle* v. *Kapiolani Estate,* 16 Haw. 33, 34; *Territory* v. *Ah Sing,* 18 Haw. 393; *Ting* v. *Born,* 21 Haw. 638, 641.

As to the second contention urged by counsel, namely, "that the present case comes within an exception to the general rule requiring that all parties in the case below should be made parties plaintiff or defendant in error," it is argued that the co-defendants of the plaintiff in error have brought the case to this

court on exceptions which are now pending here, of which fact this court will take judicial notice; and that by reason of having come up on exceptions the codefendants of the plaintiff in error are precluded from joining in or prosecuting this writ of error and "therefore could not possibly be made parties plaintiff in error." In other words, plaintiff in error claims that his codefendants, Kaae and Long, by filing their bill of exceptions in this court, have in effect severed their interest from that of plaintiff in error and that they are therefore precluded from joining in the writ of error. In support of this position *Ferreira* v. *H. R. T. & L. Co.*, 16 Haw. 406, is cited. The bill of exceptions referred to is not made a part of the record in this proceeding, nor is it averred in the petition for the writ of error that a bill of exceptions has been appealed to this court by said codefendants of plaintiff in error; but assuming, without deciding, that we may take cognizance of the pendency of the bill, as well as its contents, we are of the opinion that the *Ferreira* case does not sustain counsel's contention. In that case it was held that when a party has appealed a bill of exceptions and has also sued out a writ of error covering the same matters he will be obliged to elect which procedure he will follow. There is no question but that defendants Kaae and Long are parties deemed to be "aggrieved" by the judgment rendered, within the meaning of the statute, who could claim the right to be heard in this court. The fact that they have appealed a bill of exceptions would not preclude them from joining in the writ of error. Even assuming that the questions brought up for review by the bill of exceptions are identical with those raised by the assignments of error, defendants Kaae and Long would not necessarily be precluded from joining in and prosecuting the within writ of error. After filing the bill of exceptions they undoubtedly could have dismissed the same and sued out a writ of error, or, in the event the writ of error was sued out by them and was pending at the same time with the bill of exceptions, they could at most be required to elect which of the two

remedies they would pursue. This right of election cannot be exercised for them by their codefendant Colburn. We are therefore of the opinion that the filing of the bill of exceptions by defendants Kaae and Long did not operate as a severance which would justify defendant Colburn in suing out the writ without making his codefendants parties thereto. In *Simpson v. Greeley,* 20 Wall. 152, which is regarded as a leading case on this point, on pages 157-8, the court says: "Where the interest is joint and the interest of all is affected by the judgment the rule is universal that all must join in the writ of error or else it is open to the other party to demand that it be dismissed unless a severance of the parties in interest has been effected by summons and severance *or by some equivalent action appearing in the record."* What is meant by the concluding words of the quotation "or by some equivalent action appearing in the record" is well illustrated in the cases of *Masterson* v. *Herndon,* supra; *Hardee* v. *Wilson,* supra; *O'Dowd* v. *Russell,* 14 Wall. 402; *Doty, et al.,* v. *Strong,* 1 Pinn. (Wis.), 165, 168. In the *Masterson* case the court, speaking through Mr. Justice Miller, on page 418, says: "We do not attach importance to the technical mode of proceeding called summons and severance. We should have held this appeal good if it had appeared in any way by the record that Maverick had been notified in writing to appear, and that he had failed to appear, or, if appearing, had refused to join." This language was quoted with approval in the *Hardee* case, supra, p. 182. In *Doty et al.* v. *Strong,* supra, the court says (p. 168): "The practice of summons and severance is not familiar to the American courts of error. The more easy and equally legitimate practice would be to enter a rule against those persons named in the writ of error as plaintiffs and not appearing, either to appear and assign error or to submit to be severed. In any practice, however, all the defendants in the judgment must first join in suing out the writ of error. We are of opinion, therefore, that the writ of error in this case be quashed * * *." We

think both contentions advanced by counsel are without merit and that there is nothing in the facts in this case to take it out of the operation of the general rule.

It was suggested by the attorney for the plaintiff in error at the oral argument and again in the brief filed by him in this court on the motion to quash the writ of error that "in case the court should hold that the petition must set forth the reason for the nonjoinder of the defendants below as plaintiffs in error that plaintiff in error should be given leave to amend." An amendment such as suggested by counsel would in no wise help the position of the plaintiff in error. Again referring to the case of *Masterson* v. *Herndon,* supra, and adopting the language of the court in that case on page 418 as our own, "We should have held this appeal good if it had appeared in any way by the record that ................... had been notified in writing to appear, and that he had failed to appear, or, if appearing, had refused to join. But the mere allegation of his refusal, in the petition of appellant, does not prove this. We think there should be a written notice and due service, or the record should show his appearance and refusal, and that the court on that ground granted an appeal to the party who prayed for it, as to his own interest." The presence of all necessary parties is essential to the jurisdiction of an appellate court and the time having expired for suing out the writ the omitted parties cannot be brought in by an amendment. 2 R. C. L. p. 66, §48; *Cornell* v. *Franklin* (Fla.), 23 So. 589; *Smetters* v. *Rainey,* supra.

The motion to quash the writ of error is granted and the proceedings in error dismissed.

*J. Lightfoot* for plaintiff in error.

*Lorrin Andrews* for defendant in error.