THE COUNTY OF MAUI *v.* MARY DO REGO, ET AL.

No. 1062.

ERROR TO CIRCUIT COURT, SECOND CIRCUIT.
HON. W. S. EDINGS, JUDGE.

SUBMITTED DECEMBER 10, 1918.　　　　DECIDED JANUARY 13, 1919.

COKE, C. J., KEMP, J., AND CIRCUIT JUDGE HEEN IN PLACE
OF EDINGS, J., DISQUALIFIED.

APPEAL AND ERROR—*joinder of co-parties.*

Where a judgment or decree is several and the interests represented by each of the co-parties are separate and distinct from and not adverse to. those of the others any party may sue out a writ of error to protect his own interests without joining his co-parties.

JURIES—*challenge to array—trial and determination.*

If the facts alleged in the challenge to the array of jurors are sufficient, if true, to sustain the challenge, the court proceeds to try the truth of the facts alleged, but if the facts alleged present no legal grounds of objection to the jury they may be summarily overruled.

STATUTES—*mandatory—jury commissioners to be of opposite politics.*

A statute which provides that jury commissioners, among other

qualifications, shall be of opposite politics held to be mandatory and a challenge to an array of jurors drawn by commissioners alleged to belong to the same political party to be sufficient, if true, to invalidate the jury.

OPINION OF THE COURT BY KEMP, J.

This is an action by the County of Maui against Mary do Rego and her husband Antone do Rego, Caroline J. Moniz and her husband Diego Moniz, the Wailuku Sugar Company, Limited, an Hawaiian corporation, Mrs. M. G. Rodrigues, John Garcia, Mrs. Rose Bento and her husband C. P. Bento, Mrs. Mary Schrader and her husband Geo. B. Schrader and Ellen K. Robinson and her husband W. T. Robinson to condemn for public use certain lands owned by said defendants. After alleging a compliance by the board of supervisors of the County of Maui with all the statutory requirements and that the property sought to be condemned for public use is necessary for the opening of a road from the present upper end of Wells street to a road leading to the armory from High street in the town of Wailuku and is sought to be condemned for use as a public road, the petitioner sets out a description of five tracts which constitute the whole of the property sought to be condemned. The fourth tract set out in the petition is alleged to belong to the defendants, plaintiffs in error, Ellen K. Robinson and W. T. Robinson and the ownership of each of the other tracts is alleged to be in some one or more of the other defendants.

The defendant Wailuku Sugar Company, Limited, filed an acceptance of the award of damages made in its favor by the board of supervisors. All other defendants except Ellen K. Robinson and her husband W. T. Robinson failed to appear and answer, were adjudged to be in default and the case proceeded to a trial between the plaintiff and said Ellen K. and W. T. Robinson before a jury. The jury's verdict in favor of the said defendants Ellen K. and W. T.

Robinson was for the same amount awarded them by the board of supervisors and they have come to this court upon writ of error.

The plaintiff, defendant in error, has suggested in its brief that all necessary parties have not been joined in the writ and that the writ should therefore be dismissed. . In their petition for the writ the plaintiffs in error show that many other persons were joined with them as codefendants but assert that no proceedings were had against said codefendants and no issue went to the jury in regard to said codefendants and that the cause of action was against plaintiffs in error separately and the only issue submitted to the jury was between plaintiff, defendant in error, and them and that the judgment involved herein is only between said parties. These allegations are borne out by the record and make it unnecessary to join the other defendants either as plaintiffs or defendants in error.

"Undoubtedly the general rule is that in cases at law where the judgment is joint all the parties against whom it is rendered must join in the writ of error or the writ will be dismissed." *Robinson* v. *Kaae,* 22 Haw. 397, 398.

"The general rule respecting appeals is that co-parties to an action who do not join in the appeal must be served with notice of appeal when their interests are adverse to those of the party prosecuting the appeal." *Kealoha* v. *Halawa Plantation,* 24 Haw. 436, 439.

"Where a decree or judgment is several both in form and in substance, and the interest represented by each of the co-parties, plaintiff or defendant, is separate and distinct from that of the others, any party may appeal or sue out a writ of error separately, to protect his own interests, without joining his co-parties in the appeal, and without a summons and severance." 2 Cyc. 760.

In this case the judgment is several and the interests of the parties omitted from the writ are separate and distinct from and not adverse to those of plaintiffs in error. They were therefore properly omitted from the writ.

The first assignment of error complains of the overruling of what plaintiff in error designates a plea in abatement, but which is in fact a challenge to the array of jurors alleging "that the jury drawn and empaneled to try said cause is improperly constituted in that the law has not been observed in the matter of the appointment of the commissioners who drew said jury in that D. C. Lindsay, Esq., and Patrick Cockett, Esq., the jury commissioners appointed by this court to draw said jury, were not men well known to be of opposite politics, but were in fact at the time of their appointment, and now are members well known to be of the same politics, to wit, members of the republican party."

Section 2411 R. L. 1915 is in part as follows: "The judge or judges of each circuit court shall, prior to the first day of December of each calendar year, appoint for a period of one year from and after the said first day of December two persons as jury commissioners, who shall be voters of the circuit, well known to be of opposite politics and of good reputation for intelligence, morality and integrity."

When plaintiffs in error presented this plea to the court they offered to prove the allegations contained in the plea,—that is, that both of said jury commissioners are, and were at the time they were appointed jury commissioners, members of the republican party. The court refused to hear evidence and overruled the plea, and in so doing said: "The court can only say that before the names were drawn for the jury and after they had been appointed jury commissioners, some time after this jury was drawn, I myself called Mr. Cockett into my office and asked him if he was a democrat and he assured me then that he was a democrat. Again about two weeks ago Mr. Cockett told me that he had changed from democrat to republican; but that was only within the last two or three weeks."

If the facts alleged are sufficient, if true, to sustain the challenge, the court proceeds to try the truth of the facts alleged. If the facts alleged present no legal grounds of objection to the jury they may be summarily overruled without any replication thereto being filed. 24 Cyc. 333.

We think the correctness of the court's action in refusing to hear evidence as to the truth of the allegations contained in the challenge depends upon whether the allegations are sufficient to sustain the challenge. If they are sufficient the court should have heard the proffered evidence. If they are insufficient the summary overruling of the challenge constituted no error.

If the provisions of section 2411 R. L. 1915, which we have quoted, are mandatory then the jury commissioners must be well known to be of opposite politics. The challenge in this case denies that the commissioners who drew the jury in question were of opposite politics. The disallowance of a challenge to the array which should have been sustained renders void the trial by a jury selected from such array. 24 Cyc. 333.

The challenge to the array of jurors in this case questions the proper performance of the duty imposed by the statute upon the judge. By the statute the judge is to appoint two persons as jury commissioners who shall be voters of the circuit well known to be of opposite politics and of good reputation for intelligence, morality and integrity. The question is whether this part of the statute is mandatory or directory, whether in appointing jury commissioners the judge must, at the peril of all subsequent proceedings tried before the jury drawn, be sure to appoint men, not only of good reputation for intelligence, morality and integrity, but who are also well known to be of opposite politics.

In *United States* v. *Ambrose*, 3 Fed. 283, the provision of the Federal statute relating to the selection and em-

paneling of a grand jury is said to be mandatory but only to the extent that it requires an honest intention to conform to the statute and to carry out its provisions in good faith. Beyond that the court held the statute to be directory. In that case the court was not considering the exact question involved in this challenge. There the defendant was indicted for presenting a false claim against the government. To the indictment he filed a plea in abatement setting forth various grounds why the indictment should be quashed. The grounds set forth related to failures of the jury commissioner, clerk and marshal to properly perform the duties imposed upon them by the statute and alleged disqualification of some of the members of the grand jury which returned the indictment. There was no claim that the jury commissioner was not a proper person or that he did not possess the statutory qualifications. A general demurrer to the plea in abatement was sustained, for the reason as we gather from the opinion that there was no allegation of lack of honesty and good faith on the part of those officers whose acts were complained of.

In *United States* v. *Chaires,* 40 Fed. 820, the exact question here presented was before the court. The Federal statute provides that the names from which the jury, grand and petit, are drawn shall be placed in the jury box by the clerk of such court, and a commissioner to be appointed by the judge thereof, which commissioner shall be a citizen of good standing, residing in the district in which such court is held, and a well known member of the principal political party in the district in which the court is held, opposing that to which the clerk may belong. (21 Stat. L. 43.) Chaires and others were indicted for violation of election laws. They filed a plea in abatement alleging that the jury commissioner appointed by the court, and who acted in placing the names in the box

from which were drawn the jurors composing the grand jury finding the indictment against them, is not now, and was not when appointed, a well known member of the principal political party in the district opposed to that political party to which the clerk of the court belongs. The plea alleged no injury or prejudice to the defendant resulting from the facts alleged, and constituting the substance of the plea. A general demurrer to the plea in abatement was sustained. The court in the course of its opinion sustaining the demurrer said:

"The statement of the question, and the nature of the case, satisfies us that the statute in this particular is directory and not mandatory. What is the standard for a citizen in good standing? By what rule is it to be determined who is a well-known member of a political party? Considering that the judge has knowledge, judicial or otherwise, as to the political party of the clerk, by what rule is the judge to determine which is the principal party opposed? Suppose that the clerk is an independent or a prohibitionist? In case of a challenge to the array of jurors, or a plea in abatement, who is to try the issue? All matters and questions come back to the judge. The judge, in the exercise of a sound discretion, under the responsibilities of his office, directed by the statute, passes upon the qualifications of the jury commissioner he appoints, and his action would seem to be final and conclusive, except, perhaps, in the court that can call the judge to account for misbehavior in office. Particularly must this be the case where neither injury nor prejudice nor oppression is apparent nor is averred. * * * The matter presented by this plea is naturally an interesting and tender subject to the court, (one of the judges having made the appointment in question,) and we would be disposed, *ex propria motu*, to suspend ruling on this plea, and direct an issue thereon, and an investigation thereunder, but for the fact, of which we take judicial notice as a part of the history of this and the preceding term, that upon the identical question the court has had and allowed the

fullest investigation; that the real issue therein was not as to whether the jury commissioner was a democrat, and a known democrat, but whether he was a well-known democrat; and thereafter, upon the evidence, the court has held and decided that the jury commissioner was and is a well-known member of the principal political party in the district opposing that to which the clerk belongs, (*U. S. v. Ewan, ante,* 451;) and a further investigation is not necessary, either for the vindication of the court or the protection of parties" (p. 822).

The reasoning in neither of the cases above considered seems satisfactory to us and we have given them extensive consideration only because they have been cited and confidently relied upon by the parties.  We think a correct solution of the question is to be found in a study of the general rules governing courts in determining whether the provisions of a given statute should be held to be directory or mandatory.

"A mandatory provision in a statute is one, the omission to follow which renders the proceeding to which it relates illegal and void, while a directory provision is one the observance of which is not necessary to the validity of the proceeding.  Whether a particular statute is mandatory or directory does not depend upon its form, but upon the intention of the legislature, to be ascertained from a consideration of the entire act, its nature, its object, and the consequences that would result from construing it one way or the other."  36 Cyc. 1157.

It must be conceded that in the ordinary case it could make but little, if any, difference to litigants whether the jury commissioners who select the jurors for the court belong to one or the other political party, so long as they act honestly and in good faith perform their duties, but the legislature undoubtedly had some object in view when the statute in question was enacted and if its provisions are held to be merely directory that object will be defeated

and the statute rendered wholly nugatory at the whim of the judge.

"Getting rid of a statutory provision by calling it directory is not only unsatisfactory, on account of the vagueness of the rule itself, but it is the exercise of a dispensing power by the courts, which approaches so near legislative discretion that it ought to be resorted to with reluctance, only in extraordinary cases, where great public mischief would otherwise ensue or important private interests demand the application of the rule." *Koch & Dryfus* v. *Bridges,* 45 Miss. 247, 258.

A court should rarely take upon itself to say that what the legislature has required is unnecessary. It may not see the necessity of it, still it is not safe to assume that the legislature did not have a reason for its enactment, and when the requirements of a statute are plain and positive, the courts are not called upon to give reasons why it was enacted.

The statute under consideration is plain and positive in its provision that the jury commissioners shall be "voters of the circuit, well known to be of opposite politics." The plea alleged that the commissioners who drew the jury before whom the case at bar was tried were not then nor at the time of their appointment of opposite politics but were in fact both members of the same political party and an offer was made to prove the allegations of the plea, which offer was by the court refused. We think the provision of the statute requiring the commissioners to be of opposite politics is mandatory and that the allegations of the plea were sufficient to sustain the challenge. It was therefore error for the court to refuse to hear evidence as to the truth of said allegations.

The conclusion we have reached upon the assignment of error discussed renders it unnecessary for us to consider the remaining assignments. We think, however, that we

should call attention to certain defects in the judgment. The judgment entered herein disposed of nothing except the amount of compensation the defendants should receive but does not condemn their land. It is simply a money judgment in favor of the defendants against the plaintiff and does not secure to the plaintiff the things for which the action was brought. In the event of another trial resulting in the condemnation of the land in question the judgment should be so drawn as to protect the interests of all parties.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

*Eugene Murphy* for plaintiffs in error.

*E. R. Bevins,* County Attorney of Maui, for defendant in error.

