STATE OF HAWAII *v.* CLARENCE SHAK.

No. 4467.

APRIL 4, 1967.

RICHARDSON, C.J., CASSIDY, WIRTZ,
LEWIS AND MIZUHA, JJ.

*Per Curiam.* Defendant-appellant was charged with violation of section XIV-3-a of Ordinance No. 1508, City and County of Honolulu, as amended by Ordinance No. 2277, which provides:

"a. When official 'No Parking' signs are erected giving notice thereof, no person shall stop, stand or park a vehicle * * * upon any of the following streets or portions thereof:

\* \* \* \* \* \* \*

"(221) On the makai side of Kalakaua Avenue for a distance of 200 feet in the ewa direction from the point of intersection of the prolongations of the ewa curb line of Uluniu Avenue and the makai curb line of Kalakaua Avenue."

Appellant's principal contention is that the "No Parking Anytime" sign placed on the makai side of Kalakaua

Avénue was not an official one inasmuch as there has been no determination or designation by the City Council of Honolulu (formerly known as the Board of Supervisors) in accordance with Section III-1-a, Ordinance 1508, City and County of Honolulu which reads:

"1. *Board of Supervisors to exercise certain functions by resolution.* The Board of Supervisors shall by resolution:

"a. Determine and designate the type of all official traffic control devices; provided, however, that insofar as local conditions permit, such official traffic control devices shall be uniform, shall correlate with, and as far as possible, conform to, the standards then current as approved by the American Association of State Highway Officials;"

The State did not introduce in evidence any resolution which determines and designates the type of official traffic control devices. Such evidence was required because the presumption raised by the provision of the second paragraph of section VI-2 of the Ordinance quoted in the footnote,[1] was rebutted in this case.

The State argues that under Section 6-503 of the City Charter (Act 261, S.L.H. 1959), it is now the duty and function of the Traffic Department to determine the kind of signs that are to be erected in the City and County of Honolulu. It may be that the City Charter did grant the Traffic Deparment this power, but it does not mean that the enforcement of penal sanctions of city traffic ordinances can now be possible even though traffic control devices including signs are not official, i.e., by determination and designation by the City Council by resolution. Since the State has offered no resolution determining and

---

[1] "All signs, signals, pavement markings or other traffic control devices placed or erected on streets and highways shall be deemed official, i.e. authorized by the Board of Supervisors or official having jurisdiction, for the purpose of regulating, warning or guiding traffic."

designating that the "No Parking Anytime" sign used by the Traffic Department on the makai side of Kalakaua Avenue is an official sign, defendant cannot be prosecuted. Section VI-2, Ordinance No. 1508, City and County of Honolulu, provides:

"2. *When traffic devices are required for enforcement purposes.* When the use of signs, signals, pavement markings or other traffic control devices is expressly required by any provisions of this Ordinance to be placed at the particular locations involved to give notice of the existence and application or operation of any such provision, there shall be no prosecution for violation of such provision, unless at the time and place of the alleged violation such signs, signals, pavement markings or other official traffic control devices were placed in accordance with the requirement of such provision and were sufficiently legible or understandable to a person of ordinary understanding or observation. * * * ."

As seen, Section XIV-3-a of Ordinance No. 1508 as amended by Ordinance No. 2277, specifically requires the erection of "official 'No Parking' signs."

The State further argues that no resolution was required in order that the sign in question be deemed official, because section II-12-a of the ordinance contains the following definition:

"a. *Official traffic control devices.* All signs, signals, pavement markings, traffic cones and devices not inconsistent with this Ordinance, placed or erected by authority of the Board of Supervisors or official having jurisdiction, for the purpose of regulating, warning, or guiding traffic."

This provision is of no assistance to the State because section III-1-a of the ordinance provides that the authority

of the Board of Supervisors (now the City Council) shall be exercised by resolution, and because the words "official having jurisdiction" do not confer on the Traffic Engineer carte blanche authority coordinate with that of the City Council. The reference here is to the limited authority conferred by section III-2-c of the ordinance,[2] which is inapplicable.

Reading the ordinance as a whole we necessarily find that a resolution of the City Council was required, particularly since the evidence shows a lack of uniformity in "No Parking" signs, and a lack of conformity with American Association of State Highway Officials standards. Section III-1-a of the ordinance clearly reserved to the City Council the sole authority to designate as "official," for penal enforcement purposes, signs not meeting those requirements. As stated by this court in *County of Maui* v. *do Rego*, 24 Haw. 608, 615, the Board of Supervisors "undoubtedly had some object in view when the [ordinance] in question was enacted and if its provisions are held to be merely directory that object will be defeated and the [ordinance] rendered wholly nugatory at the whim of the judge." Moreover, a positive refusal to delegate authority cannot be deemed merely directory.

Reversed.

*Clarence Shak*, appellant, pro se.

*Edwin Sasaki*, Deputy Prosecuting Attorney (*John H. Peters*, Prosecuting Attorney, with him on the brief), for appellee.

---

[2] "c. The City Traffic Engineer may establish, place and maintain such signs, signals, pavement markings and other traffic control devices as he may deem necessary when special occasions or emergencies warrant such action, but when there is in his opinion an apparent need for such traffic control devices to remain in use for a period of time exceeding one month, application must be made to the Board of Supervisors for approval of said traffic control devices."

DISSENTING OPINION OF CASSIDY, J.

I respectfully dissent.

In my view, § III-1-a of Ordinance 1508 (1956) is directory only. However, aside from that, it is my opinion that under § 6-503 of the City Charter (R.L.H. 1955, Supp. 1965, p. 1059) the determination of the location and the installation and maintenance of traffic control facilities and devices have now been delegated by the legislature to the city's traffic department headed by its traffic engineer. The charter was adopted in 1959.[1]

Section XIV-3-a-221 of Ordinance 1508 as amended by Ordinance 2777 (1962) prohibited parking in the zone in which defendant is charged with having parked his automobile. That parking was prohibited in the zone was designated by a sign placed on the street that was readily observable and understandable to anyone who could read.[2] And since it is my opinion that the provisions of the second paragraph of § VI-2[3] of the ordinance stating that such a sign "shall be deemed official" means that the sign is to be considered and taken to be official, and as I find no merit in appellant's remaining contention, which attacks the sufficiency of the evidence, I would affirm the conviction.

---

[1] By Act 261, S.L.H. 1959.

[2] Section VI-2 of Ordinance 1508 provides that there shall be no prosecution for violations of traffic regulations when traffic devices are required for enforcement purposes "unless at the time and place of the alleged violation such signs, signals, pavement markings or other official traffic control devices were placed in accordance with the requirement of such provision and were sufficiently legible or understandable to a person of ordinary understanding or observation."

[3] Quoted in n. 1 of the court's opinion.